[Cite as *Turner v. Lucci*, 2015-Ohio-4433.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| JOHN L. TURNER, JR., | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2015-L-084** |
| THE STATE OF OHIO, JUDGE EUGENE A. LUCCI, | : | |
| | : | |
| Respondent. | : | |
| | : | |

Original Action for Writs of Mandamus

Judgment: Petitions dismissed.

*John L. Turner, Jr.,* pro se, c/o Lake County Jail, 104 East Erie Street, Painesville, OH 44077 (Relator).

*Charles E. Coulson,* Lake County Prosecutor, and *Eric A. Condon,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court on two petitions for a writ of mandamus filed by relator, John L. Turner, Jr., against respondent, Judge Eugene A. Lucci, while relator's criminal case remains pending in Judge Lucci's court, and Judge Lucci's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. For the reasons that follow, the petitions are dismissed.

{¶2} On July 27, 2015, relator filed two petitions for a writ of mandamus. Relator's first petition is captioned, "Petition for Writ of Mandamus to Compel Judge Eugene A. Lucci to Answer Relator Constitutional Individual Right to Enjoy a Speedy Trial." (Sic throughout.) Relator alleges he is entitled to a writ of mandamus because he filed a motion to dismiss his case for lack of speedy trial on July 13, 3015, and Judge Lucci has still not ruled on it.

{¶3} Relator's second petition is captioned, "Petition for Writ of Mandamus to Compel the Trial Court to Dismiss Lake County Public defender, Melissa Blake as Standby Counsel, Pursuant to the Guaranteed Right of the Sixth, and Fourteenth Amendment to the United States Constitution is being Violated by Discretion of the Judge." (Sic throughout.) Relator alleges he is entitled to a writ of mandamus to compel Judge Lucci to dismiss his standby counsel.

{¶4} Judge Lucci has filed a motion to dismiss both petitions for failure to state a claim, arguing that relator's petitions are procedurally and substantively defective.

{¶5} First, both petitions are improperly captioned. A court may dismiss a petition for an extraordinary writ when it is improperly captioned. *Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶4, citing *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227 (1962). "The failure to caption an original action properly constitutes sufficient grounds for dismissing the petition." *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324, ¶2.

{¶6} R.C. 2731.04 states that an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." The captions of relator's petitions do not indicate they are made in

2

the name of the state on the relation of Turner. Instead, the petitions were filed by Turner in his individual capacity. For this reason alone, relator's petitions for a writ of mandamus must be dismissed. *Hill, supra*.

{¶7} In addition, while relator has filed an affidavit identifying civil actions and appeals previously filed by him within the previous five years, his affidavit is insufficient because he failed to provide as to "each of those civil actions or appeals" a "brief description of the nature of the civil action or appeal" and "[t]he name of each party to the civil action or appeal," as required by R.C. 2969.25(A)(1) and (3). "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶5. Because relator failed to file a proper affidavit of his prior civil actions and appeals, his petitions must be dismissed.

{¶8} Further, relator has failed to comply with R.C. 2969.25(C). This section requires an inmate, who files a civil action against a government entity and seeks a waiver of the filing fee, to file an affidavit of indigency along with a statement of the inmate's account balance for each of the previous six months "as certified by the institutional cashier." Failure to file a statement of the inmate's account balance in compliance with R.C. 2969.25(C) at the time of the initial filing of the petition results in dismissal of the petition. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, ¶1. In *Hazel, supra*, the Ohio Supreme Court held that the error cannot be corrected after the initial filing and is fatal to the petition. While a corrections officer signed relator's statement of inmate account, it was not *certified* by the *institutional cashier*. For this additional reason, the petitions must be dismissed.

3

{¶9} In any event, even if relator had complied with the foregoing procedural requirements and if we were to assume the truth of the facts as alleged in his petitions, he has failed to state any facts that would entitle him to a writ of mandamus on either of his petitions against Judge Lucci.

{¶10} With respect to the petition asking for a writ to compel Judge Lucci to rule on relator's motion to dismiss his case on speedy-trial grounds, Judge Lucci has already ruled on this motion. On July 24, 2015, Judge Lucci entered an "Order Denying [Relator's] Motion to Dismiss the Charges for Lack of a Speedy Trial * * *." It is well settled that mandamus does not lie to compel an act that has already been performed. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 279 (1996). For this additional reason, relator's petition cannot withstand Judge Lucci's motion to dismiss.

{¶11} With respect to relator's "Petition for Writ of Mandamus to Compel the Trial Court to Dismiss Lake County Public Defender, Melissa Blake as Standby Counsel," the trial court denied the motion by its judgment, dated July 31, 2015. "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have *no plain and adequate remedy in the ordinary course of the law*." (Emphasis added.) *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶31, citing *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80 (1988). If relator is not satisfied with the court's ruling on his motion to dismiss his standby counsel, he will be able to appeal the ruling in the event he is convicted. It is well settled that mandamus is not available to criminal

4

defendants to complain about the trial court's rulings because appeal is an adequate remedy at law. *State ex rel. Hester v. Crush*, 75 Ohio St.3d 563, 564 (1996).

{¶12} Accordingly, we dismiss relator's petitions for a writ of mandamus.


TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.