[Cite as *State v. Sands*, 2016-Ohio-7150.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-134** |
| JOSEPH A. SANDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000401.

Judgment: Affirmed in part, vacated in part and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph A. Sands,* pro se, PID: A664-601, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Rd., Marion, OH 43302 (Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Joseph A. Sands appeals from the judgment entry of the Lake County Court of Common Pleas, denying his motions for sentencing, for establishment of a date certain for oral hearing, and for a conveyance order. We affirm, but vacate Mr. Sands' sentence in part, and remand for a new sentencing hearing.

{¶2} In November 2006, Mr. Sands was found guilty, following jury trial, of one count of engaging in a pattern of corrupt activity, a felony of the first degree; three counts of conspiracy to commit aggravated murder, felonies of the first degree; and two counts of conspiracy to commit aggravated arson, felonies of the first degree. *See State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981, ¶23 ("*Sands I*"). For sentencing purposes, the trial court merged the conspiracy counts, and sentenced Mr. Sands to ten years imprisonment on the count of engaging in a pattern of corrupt activity, and ten years for conspiracy, the counts to be served consecutively, for a total term of imprisonment of 20 years. *Id.* The convictions arose from Mr. Sands' plot to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. *Id.* at ¶6.

{¶3} Mr. Sands appealed, and this court affirmed. *Sands I* at ¶195. The Supreme Court of Ohio denied a motion for delayed appeal. *State v. Sands*, 127 Ohio St.3d 1443, 2010-Ohio-5762.

{¶4} Mr. Sands was also tried and convicted on federal charges stemming from his plot. He was sentenced on those charges to ten years of imprisonment. From the record, it appears he has completed his federal sentence, and has been transferred to the correctional facility in Marion, Ohio, to serve his state sentence.

{¶5} Since the commencement of his imprisonment, Mr. Sands has filed numerous actions in both the federal and Ohio courts. He filed the motions in this case between July 17, 2015, and August 11, 2015. The trial court's judgment entry denying the motions was filed November 20, 2015. Mr. Sands timely noticed this appeal,

assigning seven errors. The first reads: "The judgment of conviction and sentence for count one, engaging in a pattern of corrupt activity, Ohio's version of 'RICO,' are illegal and void as the indictment either fails to charge an offense, of the language of count one, per se, negates the offense it attempts to charge."

{¶6} It is somewhat difficult to ascertain exactly what Mr. Sands' arguments in support of this assignment of error are. As stated at oral argument in this case, it appears his principal contention is that he cannot be found guilty of engaging in a pattern of corrupt activity, based on his conviction on a single count of conspiracy.

{¶7} This argument was raised, and rejected by this court, in *Sands I* at ¶137-144. Further, it is substantively untrue. As this court held in *Sands I*, at ¶137-144:

{¶8} "Mr. Sands argues in his second assignment of error that the evidence is insufficient to sustain his conviction for one count of engaging in a pattern of corrupt activity because he was sentenced for only one conspiracy. We find this argument to be wholly without merit, as the state offered sufficient evidence that Mr. Sands was conspiring to engage in multiple predicate offenses.

{¶9} "* * *

{¶10} "While Mr. Sands is challenging the sufficiency of the evidence as to a pattern of engaging in corrupting activity, he is actually making a legal argument that he cannot be convicted of one conspiracy and be found guilty of engaging in a pattern of corrupt activity at the same time. Mr. Sands fails to realize that while he was sentenced on only one count of conspiracy, he was convicted of conspiracy for five predicate offenses. Specifically, the state introduced sufficient evidence of conspiracy to commit the aggravated murder of Mayor Williams, Judge Cicconetti, and Prosecutor Gurley,

3

and that Mr. Sands conspired to commit aggravated arson against both Mayor Williams and his property.

{¶11} "Pursuant to R.C. 2923.32(A)(1), Engaging in a pattern of corrupt activity, '(n)o person (* * *) associated (* * *) with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity.'

{¶12} "Further, R.C. 2923.31(E) defines a 'pattern of corrupt activity' as 'two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.'

{¶13} "There was ample evidence that Mr. Sands intended to construct pipe bombs, throw them into these three victims' homes, and further, 'shoot the head off of Judge Cicconetti.' From the many recordings of Mr. Sands' own discussions with Mr. Green, Mr. Sands intended to kill Mayor Williams first, before his sentencing on April 20, Mr. Gurley would be killed by a month later, and then depending on the circumstances, it might take 'over a year' to shoot the judge. The evidence gathered included all the equipment necessary to make multiple pipe bombs, loaded with shrapnel and ether, as well as an extremely large quantity of various ammunition, handguns, shotguns, and rifles. A 'dry run' was conducted on Mayor Williams' home where Mr. Sands planned to run out of a vehicle and throw a pipe bomb through Mayor Williams' bay window. There was a handwritten note with the intended targets' names and addresses, and numerous recorded conversations in which Mr. Sands detailed the plans. Thus, the state introduced more than sufficient evidence to support Mr. Sands' convictions for the

4

multiple predicate offenses of the conspiracy to commit the aggregate murder of three victims, and conspiracy to commit aggravated arson against Mayor Williams and his property.

{¶14} "Mr. Sands was ultimately sentenced for one conspiracy, because for purposes of sentencing, there was one overall conspiracy to commit several predicate offenses. Thus, R.C. 2923.01(F), states: 'A person who conspires to commit more than one offense is guilty of one conspiracy, when the offenses are the object of the same agreement or continuous conspiratorial relationship.'

{¶15} "Mr. Sands, however, was convicted of conspiracy to commit aggravated murder on three counts, one for each victim, and two counts of aggravated arson, one for Mayor Williams, and the second for his property. Thus, he was convicted for conspiring to commit five predicate offenses. The evidence was surely sufficient in this case to support Mr. Sands' conviction for engaging in a pattern of corrupt activity since he was attempting to commit five crimes."

{¶16} Under his first assignment of error, Mr. Sands also argues that the time frame alleged in the indictment for his murderous activities is insufficient, as a matter of law, to support a conviction for engaging in a pattern of corrupt activity. The indictment provides that the offenses alleged therein occurred between March 1, 2006, and April 9, 2006.

{¶17} This argument was not raised in any of Mr. Sands' motions presented to the trial court, and is waived for purposes of appeal. *Quick v. Jenkins*, 7th Dist. Columbiana No. 13 CO 4, 2013-Ohio-4371, ¶27.

{¶18} We are aware that Mr. Sands strongly disagrees with our interpretation of the law regarding engaging in a pattern of corrupt activity as applied to his case: it is an issue he has raised in various guises to this court on various occasions. At oral argument, his reasoning was detailed and vigorous. Nevertheless, we stand with our prior determination that he was both properly indicted, and convicted, of this crime. If he disagrees with our opinion, he can appeal to the Supreme Court of Ohio.

{¶19} The first assignment of error lacks merit.

{¶20} The second assignment of error reads:

{¶21} "Appellant's sentence and conviction for count one, engaging in a pattern of corrupt activity, are illegal and void as a matter of law, where R.C. 2923.32(A)(1) requires two or more underlying offenses, where the state and trial court 'maintained' 'only one conspiracy' charged multiplicitously in counts 2, 3, 5, 6, and 7, until after the jury determined guilt, but 'merged' them prior to imposing sentence, disposing of the 'pattern of corrupt activity' element as not only allied offenses of similar import, but as involving 'only one conspiracy' implicating double jeopardy; the grand jury lacked legal power, authority, and/or jurisdiction to indict the appellant for RICO; and the trial court lacks legal power, authority and/or jurisdiction to render judgment of conviction and impose sentence for the RICO charge."

{¶22} Mr. Sands argues that by merging the various conspiracy charges against him for sentencing, the trial court negated any "pattern" of corrupt activity. This argument was raised, and disposed of, in *Sands I,* at ¶187-194. That opinion and judgment remains res judicata.

{¶23} The second assignment of error lacks merit.

6

**{¶24}** The third assignment of error reads:

**{¶25}** "The trial court and the State of Ohio were divested of jurisdiction over the appellant's criminal case and/or to sentence or 'resentence' the appellant after the trial court and/or state transferred custody of the appellant to the federal government, where the appellant was tried, convicted, and fully served a ten-year sentence, without the state or federal government having sought or issued a governor's warrant, or any other type of document required to legally transfer custody of the appellant to the federal government; and where the state made no attempt whatsoever during said ten-year sentence, to have the appellant returned to Ohio to impose a valid sentence."

**{¶26}** Mr. Sands observes that custody of his person has exchanged between the federal government and the State of Ohio on several occasions. He asserts that any such exchange was illegal without the signature of the Governor of Ohio upon an extradition warrant. This is untrue. The statutes he cites – R.C. 2963.01, R.C. 2963.05, and R.C. 2963.06 – do not stand for this proposition.

**{¶27}** The third assignment of error lacks merit.

**{¶28}** The fourth assignment of error reads: "The sentence is unlawful and not authorized by law, and therefore illegal and void where the trial court failed to comply with all mandatory statutory sentencing provisions when pronouncing the 'attempted sentence'; and the sentence violates double constitutional jeopardy prohibitions."

**{¶29}** Mr. Sands cites authority that the trial court must make certain findings pursuant to R.C. 2929.24(C)(4) when imposing consecutive sentences, and it did not do so. This is incorrect. Pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, the

7

trial court was not required to make findings when imposing consecutive sentences at the time of Mr. Sands' sentencing.

**{¶30}** The fourth assignment of error lacks merit.

**{¶31}** The fifth assignment of error reads:

**{¶32}** "The failure of the trial court to dispose of counts four, and eight through fourteen in the judgment entry of sentence results in a judgment entry that does not fully determine the case; that is not final or appealable under Article IV, §3(B)(2) of the Ohio Constitution, R.C. 2505.02, and/or R.C. 2953.02, and causes any appeal taken from such judgment to be 'obiter dictum'; and the appellant's criminal case has never left the trial court."

**{¶33}** Mr. Sands notes he was not found guilty by the jury of certain charges for which he was indicted by the grand jury. He postulates that the failure of the trial court to deal with these charges in its judgment entry of sentence renders that entry interlocutory, not final, and not appealable.

**{¶34}** It is true that a trial court must file a judgment entry disposing of each and every charge against a defendant, whether the defendant was found guilty or not, in order to make the judgment entry of sentence final and appealable. *State v. Johnson*, 4th Dist. Scioto No. 14CA3660, 2015-Ohio-3370, ¶10. However, the disposition of charges on which a defendant is found not guilty need not be contained in the judgment entry of sentence. *Id.* at ¶11. Here, the trial court disposed of the charges on which the jury did not find Mr. Sands guilty in a judgment entry filed December 1, 2006.

**{¶35}** The fifth assignment of error lacks merit.

8

**{¶36}** The sixth assignment of error reads: "The postrelease control imposed by the trial court is illegal, void, and unenforceable as a matter of law." Mr. Sands asserts the trial court erred in putting in the journal entry of sentence, "that post release control is mandatory in this case *up to a maximum of five years* [.]" He asserts the trial court was required to state that post release control was mandatory for five years, and that the judgment entry is thus, void.

**{¶37}** Mr. Sands is correct that the language used by the trial court voids that portion of his sentence relating to postrelease control. *See State v. Jones*, 2d Dist. Montgomery No. 26228, 2015-Ohio-1749, ¶5. We further note the same error pertains to the language used by the trial court at the sentencing hearing. However, any error in the imposition of postrelease control may be corrected by the trial court, since Mr. Sands is still in state custody. *Id.* at ¶6. Consequently, we vacate that portion of Mr. Sands' sentence relating to postrelease control. On remand, the trial court will hold a new sentencing hearing to correct the imposition of postrelease control. R.C. 2929.191(C).

**{¶38}** The sixth assignment of error has merit, to the extent indicated.

**{¶39}** The seventh assignment of error reads: "The judgment and sentence are illegal and void where the trial court 'merged' count 2 'RICO' with counts 3, 5, 6, and 7, and imposed sentence thereon, where count 2 'RICO' was dismissed prior to trial, not submitted to the jury, and where the appellant was not found guilty of count 2 'RICO' by the jury."

**{¶40}** Mr. Sands was originally indicted on two counts of engaging in a pattern of corrupt activity. Only one was submitted to the jury. The trial court never merged any

9

count for engaging in a pattern of corrupt activity with the counts for conspiracy, as Mr. Sands seems to argue.

**{¶41}** The seventh assignment of error lacks merit.

**{¶42}** The judgment of the Lake County Court of Common Pleas is affirmed, but Mr. Sands' sentence relating to postrelease control is vacated. This matter is remanded for a new sentencing hearing. All pending motions are hereby overruled.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.