[Cite as *State v. Sands*, 2017-Ohio-5857.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-124** |
| JOSEPH A. SANDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000401.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph A. Sands,* pro se, PID: A664-601, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Rd., Marion, OH 43302 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Joseph A. Sands appeals from the November 15, 2016 judgment entry of the Lake County Court of Common Pleas, re-imposing postrelease control on him. Finding no error, we affirm.

{¶2} In *State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150, ¶2-4, we wrote:

**{¶3}** "In November 2006, Mr. Sands was found guilty, following jury trial, of one count of engaging in a pattern of corrupt activity, a felony of the first degree; three counts of conspiracy to commit aggravated murder, felonies of the first degree; and two counts of conspiracy to commit aggravated arson, felonies of the first degree. *See State v. Sands,* 11th Dist. Lake No. 2007–L–003, 2008–Ohio–6981, ¶23 ("*Sands I*"). For sentencing purposes, the trial court merged the conspiracy counts, and sentenced Mr. Sands to ten years imprisonment on the count of engaging in a pattern of corrupt activity, and ten years for conspiracy, the counts to be served consecutively, for a total term of imprisonment of 20 years. *Id.* The convictions arose from Mr. Sands' plot to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. *Id.* at ¶6.

**{¶4}** "Mr. Sands appealed, and this court affirmed. *Sands I* at ¶195. The Supreme Court of Ohio denied a motion for delayed appeal. *State v. Sands,* 127 Ohio St.3d 1443, 2010–Ohio–5762.

**{¶5}** "Mr. Sands was also tried and convicted on federal charges stemming from his plot. He was sentenced on those charges to ten years of imprisonment."

**{¶6}** Since his conviction, Mr. Sands has filed numerous actions in both state and federal court, generally without success. In Case No. 2015-L-134, he appealed from the judgments of the trial court denying a series of motion he filed in the summer of 2015. *Sands*, 2016-Ohio-7150, ¶1, 4. We affirmed the trial court in balance, but found merit in Mr. Sands' contention that the imposition of postrelease control at his original sentencing hearing and in the original judgment entry of sentence was incorrect. *Id.* at

2

¶36-38. We vacated that portion of his sentence, and remanded for a new sentencing hearing on the issue. *Id.* at ¶38. A new hearing was held November 10, 2016; the trial court filed its nunc pro tunc judgment entry November 15, 2016.

{¶7} November 28, 2016, Mr. Sands noticed this appeal, assigning two errors. The first reads:

{¶8} "The trial court committed prejudice (sic) error where the court amended nunc pro tunc judgment entry is void and not a final appealable order per Crim.R. 32(C) pursuant to *State v. Baker*, 2008-Ohio-3330 in violation of the defendant (sic) United States Constitutional right Amendment 5, 6, and 14 [.]"

{¶9} Citing to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, regarding the requirements for a final appealable order in criminal cases, Mr. Sands seems to argue the trial court's nunc pro tunc judgment entry of November 15, 2016, is invalid since it simply substitutes the correct postrelease control language for the prior, incorrect language contained in his original judgment entry of sentence. Mr. Sands is wrong. As long as a defendant remains in state custody, the trial court can correct postrelease control pursuant to R.C. 2929.191 by way of a nunc pro tunc judgment entry. *State v. Jones*, 2d Dist. Montgomery No. 26228, 2015-Ohio-1749, ¶5-6.

{¶10} The first assignment of error lacks merit.

{¶11} Mr. Sands submits two different versions of his second assignment of error. One reads:

{¶12} "The trial court committed prejudice (sic) error when the court merged the conspiracy counts 2, 3, 5, 6 and 7 Admitting the conspiracy counts are allied offenses. Which would make it Manatory (sic) that the trial court dismiss the other conspiracy

3

counts.by not doing this the trial court is in violation of R.C. 2941.25(A).the dismissed conspiracy count cannot be in the journal entry of sentence at all. citing; *State v. Williams* 2016-Ohio-lexis 2782."

**{¶13}** The other reads:

**{¶14}** "The trial court committed prejudice (sic) error when the court Merged the conspiracy counts 2, 3, 5, 6, and 7 into one and sentence (sic) me to only one. But did not dismiss the other conspiracy that he merged into one. The trial court was saying these conspiracy (sic) are Allied offenses of simarler (sic) import the other conspiracy cannot be in the journal Entry of sentence at all R.C. 2941.25(A) it would be a violation of the Defendants (sic) constitutional rights Amendments 5, 6, and the 14 citing; *State v. Williams* 2016-Ohio-LEXIS 2782."

**{¶15}** Mr. Sands' actual argument seems to be that he cannot serve both a sentence for engaging in a pattern of corrupt activity, and one for conspiracy.

**{¶16}** We make several observations. First, the sole purpose of the remand in this case was for the trial court to correct the imposition of postrelease control. Mr. Sands cannot raise any other issues on this appeal.

**{¶17}** Second, the argument is substantively wrong: engaging in a pattern of corrupt activity, and conspiracy, are separate crimes.

**{¶18}** Third, Mr. Sands has presented this argument before – as early as his initial appeal from his conviction. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981, ¶137-145. This court rejected it then, and does so now.

**{¶19}** Finally, as Mr. Sands has previously raised this argument, it is barred by res judicata.

4

{¶20} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶21} The second assignment of error lacks merit.

{¶22} The judgment of the Lake County Court of Common Pleas is affirmed.

{¶23} All pending motions are hereby overruled.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.