[Cite as *State ex rel. Sands v. Culotta*, 2019-Ohio-925.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. JOSEPH A. SANDS, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2018-L-004** |
| | : | |
| - vs - | : | |
| | : | |
| LAKE COUNTY COMMON PLEAS COURT JUDGE VINCENT A. CULOTTA, et al., | : | |
| | : | |
| Respondents. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Charles E. Coulson,* Lake County Prosecutor, and *Michael L. DeLeone,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondents).

*Joseph A. Sands*, pro se, PID# A664-601, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Road, Marion, OH 43302 (Relator).

PER CURIAM

{¶1} Before this court is relator, Joseph Sands', January 5, 2018 Original Action Writ of Mandamus. Respondents, Judge Vincent A. Culotta and Lake County Prosecuting Attorney Charles Coulson, have filed a Motion to Dismiss and/or in the Alternative Motion for Summary Judgment, claiming that Sands' petition contains procedural defects and that he has an adequate remedy at law by way of an appeal. For the following reasons,

Sands' Original Action Writ of Mandamus, construed as a petition for writ of mandamus, is dismissed.

{¶2} In 2006, Sands was found guilty, following a jury trial in the Lake County Court of Common Pleas, of Engaging in a Pattern of Corrupt Activity, three counts of Conspiracy to Commit Aggravated Murder, and two counts of Conspiracy to Commit Aggravated Arson. He was sentenced to a term of twenty years in prison. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981, ¶ 23. The convictions arose from Sands' plot to murder Painesville Municipal Court Judge Michael Cicconetti and several North Perry officials. *Id.* at ¶ 6. The convictions and sentence were upheld on appeal.

{¶3} Over the past decade, Sands has filed numerous original actions and appeals seeking to overturn his convictions and sentence. Pertinent to the present matter, Sands filed a motion and subsequent appeal relating to his contention that the trial court's sentence was void since an improper postrelease control advisement was given. This court, on appeal, vacated a portion of his sentence and remanded for a new sentencing hearing to "correct the imposition of postrelease control." *State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150, ¶ 37.

{¶4} Upon remand, the trial court held a new hearing and filed a nunc pro tunc judgment entry November 15, 2016, in which it "substitute[d] the correct postrelease control language for the prior, incorrect language contained in his original judgment entry of sentence." *State v. Sands*, 11th Dist. Lake No. 2016-L-124, 2017-Ohio-5857, ¶ 9. On appeal, this court concluded that the trial court did not err in resentencing Sands and affirmed its judgment in a July 17, 2017 opinion. *Id.*

**{¶5}** On January 5, 2018, Sands filed his Original Action Writ of Mandamus. Therein, Sands argues that the trial court's nunc pro tunc entry issued upon remand was not a final appealable order since it did not state "the mode, manner of conviction, and the sentence."

**{¶6}** Respondents filed a Motion to Dismiss and/or in the Alternative Motion for Summary Judgment on January 30, 2018. They contend that Sands failed to meet the procedural requirements for filing a petition seeking mandamus, that he has a plain and adequate remedy in the ordinary course of the law, and that a court's discretion cannot be controlled by mandamus.

**{¶7}** On Feburary 5, 2018, Sands filed a Motion requesting 30 days to respond to the respondents' Motion. He filed a March 1, 2018 Reply Memorandum in Opposition.[1]

**{¶8}** "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "To be entitled to a writ of mandamus, the relator must be able to prove that: (1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a clear legal duty to perform that act; and (3) there is no legal remedy that could be pursued to adequately resolve the matter." *State ex rel. Vance v. Kontos*, 11th Dist. Trumbull No. 2014-T-0078, 2014-Ohio-5080, ¶ 9.

**{¶9}** As an initial matter, we note that Sands' petition is procedurally deficient. Pursuant to R.C. 2969.25(C)(1), "an inmate who files a civil action or appeal against a government entity or employee seek[ing] a waiver of the prepayment of the full filing fees

---

1. As this court has not yet ruled upon the request for 30 days to respond, it is hereby granted and this court will consider the Reply Memorandum in Opposition.

3

assessed by the court in which the action or appeal is filed," as was the case here, must include an affidavit of waiver and indigency which contains "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." While Sands included an affidavit of waiver and indigency, there is no statement of the balance of his inmate account certified by the institutional cashier. Failure to include said statement warrants dismissal of a petition for mandamus. *Turner v. Lucci*, 11th Dist. Lake No. 2015-L-084, 2015-Ohio-4433, ¶ 8.

**{¶10}** Even if Sands' petition was procedurally sound, it must be dismissed because he has an adequate remedy at law.

**{¶11}** A writ of mandamus "must not be issued when there is a plain and adequate remedy in the ordinary course of the law." R.C. 2731.05. A cause of action in mandamus filed in a court of appeals "will not lie where it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal." *State ex rel. Bd. of Edn. of the Middletown City School Dist. v. Butler Cty. Budget Comm.*, 31 Ohio St.3d 251, 510 N.E.2d 383 (1987), syllabus; *State ex rel. Daniel v. Lucci*, 11th Dist. Lake No. 2010-L-122, 2011-Ohio-1012, ¶ 11 (a discretionary appeal constitutes an adequate remedy in the ordinary course of law).

**{¶12}** A Motion to Dismiss pursuant to Civ.R. 12(B)(6) can be granted based on "'merits' issues such as the availability of an adequate remedy in the ordinary course of law." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 20. Courts are permitted to take judicial notice of appropriate matters, such as judgments rendered by other courts, in considering a motion to dismiss for failure to state a claim. *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15-16, 661 N.E.2d 170

4

(1996); *State ex rel. Kolkowski v. Bd. of Commrs. of Lake Cty.*, 11th Dist. Lake No. 2008-L-138, 2009-Ohio-2532, ¶ 38 ("[a]lthough this court's ability to take judicial notice is not unbridled, we may take judicial notice of findings and judgments as rendered in other Ohio cases") (citations omitted).

{¶13} In the present matter, Sands seeks a writ ordering that Judge Culotta hold a new resentencing hearing on the grounds that no final order was granted as a result of the previous resentencing. Sands had an adequate remedy to challenge the trial court's issuance of a nunc pro tunc entry and resentencing hearing by way of a direct appeal. In fact, Sands has already done so in his direct appeal, in which he specifically argued that the nunc pro tunc entry was not a final appealable order, the same issue he raises here. *Sands*, 2017-Ohio-5857, ¶ 8. That argument was rejected by this court. *Id.* at ¶ 9. As this court has held in several other original actions in which Sands' substantive legal arguments either could have been or were raised on direct appeal, we must dismiss this matter. *See State ex rel. Sands v. Court of Common Pleas Judge*, 11th Dist. Lake No. 2017-L-079, 2017-Ohio-8532; *State ex rel. Sands v. Culotta*, 11th Dist. Lake No. 2018-L-003, 2018-Ohio-4272; *State ex rel. Sands v. Lake Cty. Common Pleas Court*, 11th Dist. Lake No. 2018-L-109, 2019-Ohio-272.

{¶14} Respondents' Motion, pursuant to Civ.R. 12(B)(6), is hereby granted. Sands' Original Action Writ of Mandamus, construed as a petition for writ of mandamus, is dismissed.

THOMAS R. WRIGHT, P.J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.