[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Culotta,* Slip Opinion No. 2019-Ohio-4741.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4741

THE STATE EX REL. SANDS, APPELLANT, *v*. CULOTTA, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Culotta,* Slip Opinion No. 2019-Ohio-4741.]

*Mandamus—Inmate failed to comply with filing requirements of R.C. 2969.25(C)— Court of appeals' dismissal of petition affirmed.*

(No. 2019-0582—Submitted September 10, 2019—Decided November 20, 2019.)

APPEAL from the Court of Appeals for Lake County, No. 2018-L-004, 2019-Ohio-925.

_____

**Per Curiam.**

{¶ 1} Appellant, Joseph A. Sands, appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of mandamus. We affirm the judgment.

**Background**

{¶ 2} In 2015, Sands filed various motions seeking to vacate the 20-year prison sentence that he received in 2006. The court of appeals vacated Sands's sentence in part and remanded the case for a new sentencing hearing. *State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150. On remand, the trial court held a hearing and issued a nunc pro tunc entry to correct an error in the imposition of postrelease control. The court of appeals affirmed. *State v. Sands*, 11th Dist. Lake No. 2016-L-124, 2017-Ohio-5857.

{¶ 3} In January 2018, Sands filed a petition for a writ of mandamus, naming appellees, Lake County Court of Common Pleas Judge Vincent A. Culotta and Lake County Prosecuting Attorney Charles E. Coulson, as respondents. Sands did not state a claim against Coulson. As to Judge Culotta, Sands claimed that the nunc pro tunc entry was not a final, appealable order because it did not contain the manner of conviction and the sentence, in violation of Crim.R. 32(C). Sands sought to compel Judge Culotta to hold a new sentencing hearing and to issue a final, appealable order.

{¶ 4} In March 2019, the court of appeals granted appellees' motion to dismiss Sands's petition under Civ.R. 12(B)(6) for two reasons: (1) the petition was procedurally defective because the affidavit of indigency did not contain a statement of the balance in Sands's inmate account and (2) Sands had an adequate remedy at law by way of direct appeal. Sands appealed.

**Analysis**

{¶ 5} To be entitled to a writ of mandamus, Sands must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on appellees' part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶ 6}** A court may dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. This court reviews dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

**{¶ 7}** When an inmate commences a civil action in the court of appeals against a government entity and seeks a waiver of filing fees, as Sands did, he is required to submit an affidavit of indigency that includes (1) a statement certified by the institutional cashier setting forth the balance in the inmate's account for each of the preceding six months and (2) a statement that sets forth all other cash and things of value owned by the inmate at the time of filing. R.C. 2969.25(C). Failure to comply with R.C. 2969.25(C) is grounds for dismissal of the petition. *State ex rel. Ellis v. Wainwright*, ___ Ohio St.3d ___, 2019-Ohio-2853, __ N.E.3d __ ¶ 6.

**{¶ 8}** The court of appeals correctly held that Sands failed to fully comply with R.C. 2969.25(C). Although he submitted an affidavit of indigency and a statement of his inmate account, Sands did not include a certified statement by the cashier setting forth the balance in the account for each of the preceding six months. Sands argues that appellees were not permitted to raise in their motion to dismiss his failure to comply with R.C. 2969.25(C)(1) because that basis for dismissal is not listed in Civ.R. 12(B). However, we have consistently held that " '[t]he requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint.' " *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 7, quoting *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4; *see also State ex rel. Qualls v. Story*, 104 Ohio St.3d 343, 2004-Ohio-6565, 819 N.E.2d 701

(affirming dismissal of mandamus complaint for failure to comply with R.C. 2969.25(C)(1)).  Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph A. Sands, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Michael L. DeLeone, Assistant Prosecuting Attorney, for appellees.

_____