[Cite as *State v. Sands*, 2020-Ohio-6682.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-076** |
| JOSEPH A. SANDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000401.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph A. Sands*, pro se, PID# A664-601, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Joseph A. Sands, appeals from the judgment of the Lake County Court of Common Pleas, denying his motion to dismiss the judgment of his conviction. For the following reasons, we affirm the judgment of the lower court.

{¶2} On June 16, 2006, Sands was indicted by the Lake County Grand Jury for two counts of Engaging in a Pattern of Corrupt Activity, felonies of the first degree, in violation of R.C. 2923.32(A)(1); four counts of Conspiracy to Commit Aggravated Murder,

felonies of the first degree, in violation of R.C. 2923.01(A)(1); and eight counts of Conspiracy to Commit Aggravated Arson, felonies of the second and third degree, in violation of R.C. 2909.02(A)(1) and (2) and 2923.01(A)(1). The charges arose from Sands' plot to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. Sands was convicted of Engaging in a Pattern of Corrupt Activity, three counts of Conspiracy to Commit Aggravated Murder, and two counts of Conspiracy to Commit Aggravated Arson. He was sentenced to a prison term of 20 years.

{¶3} Sands' conviction and sentence were affirmed on direct appeal. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981. Sands has filed numerous appeals which have been found, with one exception, to lack merit. *State v. Sands*, 11th Dist. Lake No. 2012-L-096, 2013-Ohio-2822; *State v. Sands*, 11th Dist. Lake No. 2016-L-124, 2017-Ohio-5857; *State v. Sands*, 11th Dist. Lake No. 2017-L-009, 2017-Ohio-5860; *State v. Sands*, 11th Dist. Lake No. 2017-L-104, 2018-Ohio-2457; *State v. Sands*, 11th Dist. Lake No. 2019-L-050, 2019-Ohio-4736; *State v. Sands*, 11th Dist. Lake Nos. 2019-L-022 and 023, 2019-Ohio-4925; and *State v. Sands*, 11th Dist. Lake No. 2020-L-038, 2020-Ohio-3935.

{¶4} In *State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150, we reversed the trial court's judgment in part as the court erred in its advisement regarding postrelease control, misstating the proper time period. This court held that "the language used by the trial court voids that portion of [Sands'] sentence relating to postrelease control," vacated that portion of his sentence, and remanded for the lower court to "hold a new sentencing hearing to correct the imposition of postrelease control." *Id.* at ¶ 37.

2

On November 15, 2016, the trial court, after holding a hearing, issued a Judgment Entry Nunc Pro Tunc. The Entry stated that the court "issues a correction to the judgment entry filed on December 11, 2006, to include in the judgment the statement that defendant will be supervised under section 2967.28 of the Revised Code after the defendant leaves prison." It further noted that this entry corrected its initial sentencing entry by deleting the incorrect postrelease control advisement and substituting in a new postrelease control notification.

{¶5} On March 20, 2020, Sands filed a Motion of the Defendant to Dismiss the Judgment of Conviction, as it is Void in its Present Form, arguing that the trial court had failed to issue a single document that stated both the fact of conviction and the correct sentence. The trial court denied the motion in a June 5, 2020 Judgment Entry.

{¶6} Sands timely appeals and raises the following assignment of error:

{¶7} "The trial court of Lake County Painesville, Ohio has committed prejudic[ial] error, by dismissing the appellant[']s motion, based on the fact of law, that the appellant[']s judgment entry of sentence of 2006 is void in its present form, and does not comply with Crim.R. 32(C) and R.C. 2505.02 [causing] the appellant[']s judgment entry of sentence not to be [a] final appealable order under Ohio law."

{¶8} Sands argues that he is entitled to a final entry, which the lower court has not issued, because there is no single judgment entry containing both the complete sentence and the conviction. This argument is based on the fact that the nunc pro tunc entry issued on November 15, 2016, states the revised postrelease control advisement/sanction but does not restate the entire sentence and the fact of conviction. In support, he cites to *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-

3

3330, which held that a judgment of conviction must be a single document that "include[s] the sentence and the means of conviction, whether by plea, verdict, or finding by the court, to be a final appealable order under R.C. 2505.02." *Id.* at ¶ 19.[1] The State argues that his appeal is barred by the doctrine of res judicata.

{¶9} "[A] convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996); *State v. McGowan*, 11th Dist. Ashtabula No. 2016-A-0052, 2017-Ohio-7124, ¶ 7 ("[t]he doctrine of res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal"). Sands has previously appealed to this court and raised the same issue that the November 15, 2016 "amended nunc pro tunc judgment entry is void and not a final appealable order." *Sands*, 2017-Ohio-5857, at ¶ 8. This court found that argument lacked merit and the court properly corrected postrelease control by way of a nunc pro tunc entry. *Id.* at ¶ 9.

{¶10} Sands argues that the doctrine of res judicata does not apply because the failure to issue a final order can be raised at any time. It has been held that where the trial court has not issued a final, appealable order due to, inter alia, failure to comply with Crim.R. 32 and the one judgment rule, the doctrine of res judicata does not act as a bar to an appeal. *State v. Alston*, 9th Dist. Lorain No. 19CA011532, 2020-Ohio-4258, ¶ 8;

---

1. As clarified in *State v. Lester*, 130 Ohio St.3d 303, 958 N.E.2d 142, 2011-Ohio-5204, Crim.R. 32 requires that for an entry to be final, it need not include the *manner* of the conviction but must contain the *fact* of the conviction. *Id.* at ¶ 11-12.

4

*State v. Jama*, 10th Dist. Franklin No. 11AP-210, 2012-Ohio-2466, ¶ 48 ("[w]e decline to apply the doctrine of res judicata to the circumstances at hand where there was not a final appealable order in effect * * * from which an appeal could be filed"). "[R]es judicata cannot apply if the trial court never issued a final, appealable order." *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003, ¶ 7.

{¶11} We find that Sands was not denied a final, appealable order. When this court determined there had been an error in the manner in which Sands was advised on postrelease control, this court vacated that portion of his sentence and remanded for the lower court to correct the imposition of postrelease control pursuant to R.C. 2929.191(C). The lower court addressed exactly that and issued a nunc pro tunc entry which substituted the correct advisement. While we recognize that an initial final, appealable order of conviction must contain required elements including the fact of conviction and the sentence, case law supports a conclusion that a subsequent entry stating amended postrelease control is sufficient to satisfy R.C. 2929.191 and create a final appealable order. "[W]hen a trial court corrects postrelease control pursuant to R.C. 2929.191, the entry that corrects postrelease control is a final, appealable order and the original judgment of conviction stands with the nunc pro tunc entry as a judgment of conviction" and a defendant does not have a "right to a single document containing his nunc pro tunc postrelease control correction and his original judgment of conviction." *State ex rel. Evans v. Medina Cty. Court of Common Pleas*, 9th Dist. Medina No. 20CA0012-M, 2020-Ohio-2979, ¶ 9-10. In *State v. Williams*, 9th Dist. Summit No. 27101, 2014-Ohio-1608, the court noted that the procedure anticipated for correction of postrelease control

5

notifications was a limited resentencing hearing, and that "[i]f the Supreme Court viewed R.C. 2929.191 as requiring trial courts to reissue the original sentencing entry along with the post-release control notification, it could have so specified." *Id.* at ¶ 11-12, citing R.C. 2929.191 and *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. Thus, "an entirely new sentencing entry" is not required for a limited remand on postrelease control. (Citation omitted.) *Id.* at ¶ 12; *also State v. Cox*, 2d Dist. Green No. 2020-CA-14, 2020-Ohio-5030, ¶ 24.

{¶12} Based on the foregoing authority, we find no grounds to order a new entry be issued by the trial court. We further recognize that since Sands was already permitted to appeal from the nunc pro tunc entry at issue, it is evident we accepted the order as final and appealable at that time as well and Sands is not entitled to an entry other than the one already properly issued by the trial court on November 15, 2016.

{¶13} The sole assignment of error is without merit.

{¶14} For the foregoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, denying Sands' motion to dismiss the judgment of his conviction, is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.

6