[Cite as *State v. Sands*, 2017-Ohio-5860.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


STATE OF OHIO,                            :        **O P I N I O N**

        Plaintiff-Appellee,
                                          :        CASE NO.  2017-L-009
    - vs -                              :

JOSEPH A. SANDS,                          :

        Defendant-Appellant.        :


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000401.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077  (For Plaintiff-Appellee).

*Joseph A. Sands,* pro se, PID: A664-601, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Rd., Marion, OH  43302 (Defendant-Appellant).



COLLEEN MARY O'TOOLE, J.

{¶1}    Joseph A. Sands appeals from the judgment entry of the Lake County Court of Common Pleas, denying his motion for leave to file a motion for arrest of judgment.  Finding no error, we affirm.

{¶2}    In *State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150, ¶2-4, we wrote:

{¶3} "In November 2006, Mr. Sands was found guilty, following jury trial, of one count of engaging in a pattern of corrupt activity, a felony of the first degree; three counts of conspiracy to commit aggravated murder, felonies of the first degree; and two counts of conspiracy to commit aggravated arson, felonies of the first degree. *See State v. Sands,* 11th Dist. Lake No. 2007–L–003, 2008–Ohio–6981, ¶23 ("*Sands I*"). For sentencing purposes, the trial court merged the conspiracy counts, and sentenced Mr. Sands to ten years imprisonment on the count of engaging in a pattern of corrupt activity, and ten years for conspiracy, the counts to be served consecutively, for a total term of imprisonment of 20 years. *Id.* The convictions arose from Mr. Sands' plot to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. *Id.* at ¶6.

{¶4} "Mr. Sands appealed, and this court affirmed. *Sands I* at ¶195. The Supreme Court of Ohio denied a motion for delayed appeal. *State v. Sands,* 127 Ohio St.3d 1443, 2010–Ohio–5762.

{¶5} "Mr. Sands was also tried and convicted on federal charges stemming from his plot. He was sentenced on those charges to ten years of imprisonment."

{¶6} Since his conviction, Mr. Sands has filed numerous actions in both state and federal court, generally without success. This appeal arises from his filing a motion for leave to file a motion for arrest of judgment with the trial court December 14, 2016. The trial court denied the motion by a judgment entry filed December 28, 2016. Mr. Sands timely appealed assigning a single error:

{¶7} "[T]he trial court committed prejudice (sic) error, the trial court failed to determine its subject matter jurisdiction upon a defective criminal indictment fail to state a criminal offense where the indictment failed to place the defendant on notice of the charge (sic) offenses against him violation of the defendant united states (sic) constitutional rights amendment, 5, 6, and 14 [.]"

{¶8} While somewhat indeterminate, it appears Mr. Sands is arguing that his indictment was defective, since it did not set forth the elements of the crimes underlying the charges of engaging in a pattern of corrupt activity, and conspiracy, which were aggravated murder, and aggravated arson.

{¶9} Crim.R. 34, "Arrest of Judgment," provides:

{¶10} "The court on motion of the defendant shall arrest judgment if the indictment, information, or complaint does not charge an offense or if the court was without jurisdiction of the offense charged. The motion shall be made within fourteen days after verdict, or finding of guilty, or after plea of guilty or no contest, or within such further time as the court may fix during the fourteen day period.

{¶11} "When the judgment is arrested, the defendant shall be discharged, and his position with respect to the prosecution is as if the indictment, information, or complaint had not been returned or filed."

{¶12} With respect to Mr. Sands' motion, we first note that it was filed some ten years after his convictions, not 14 days. It is untimely.

{¶13} Second, it is barred by res judicata.

{¶14} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any

3

proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶15} Mr. Sands could, and should, have raised the alleged defects in the indictment on his initial appeal.

{¶16} Third, Mr. Sands' argument is substantively untrue. An indictment for engaging in a pattern of corrupt activity or conspiracy must identify the predicate offenses. *State v. Burkitt*, 89 Ohio App.3d 214, 224 (1993) (engaging in a pattern of corrupt activity); *State v. Childs*, 88 Ohio St.3d 194, 199 (2000) (conspiracy). In this case, the indictment contains precise descriptions of the substantial, overt acts committed by Mr. Sands constituting the predicate offenses.

{¶17} The assignment of error lacks merit.

{¶18} The judgment of the Lake County Court of Common Pleas is affirmed.

{¶19} All pending motions are hereby overruled.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

4