[Cite as *State ex rel. Sands v. Culotta*, 2018-Ohio-4272.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. JOSEPH A. SANDS, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | | |
| | : | **CASE NO. 2018-L-003** |
| - vs - | : | |
| | | |
| LAKE COUNTY COMMON PLEAS COURT JUDGE VINCENT A. CULOTTA, et al., | : | |
| | : | |
| Respondents. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition denied.


*Joseph A. Sands*, pro se, PID: A664-601, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Road, Marion, OH 43302 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Michael L. DeLeone*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondents).


PER CURIAM.

{¶1}    Relator, Joseph A. Sands, petitions this court to issue a writ of mandamus directed at the Hon. Vincent A. Culotta, Judge of the Lake County Court of Common Pleas.  In 2006, Mr. Sands was convicted and sentenced for engaging in a pattern of corrupt activity, and conspiracy.  Respondent presided at the trial.  Mr. Sands argues the

indictment pursuant to which he was tried was constitutionally infirm, and that we should direct respondent to dismiss the indictment, and free Mr. Sands. Respondents have moved to dismiss, or alternatively, for summary judgment, and Mr. Sands has replied, and moved for summary judgment himself. Since Mr. Sands' arguments are both barred by res judicata, and substantively untrue, we grant respondents' motion for summary judgment.

{¶2} In *State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150, ¶2-4, we wrote:

{¶3} "In November 2006, Mr. Sands was found guilty, following jury trial, of one count of engaging in a pattern of corrupt activity, a felony of the first degree; three counts of conspiracy to commit aggravated murder, felonies of the first degree; and two counts of conspiracy to commit aggravated arson, felonies of the first degree. *See State v. Sands,* 11th Dist. Lake No.2007–L–003, 2008–Ohio–6981, ¶23 ("*Sands I*"). For sentencing purposes, the trial court merged the conspiracy counts, and sentenced Mr. Sands to ten years imprisonment on the count of engaging in a pattern of corrupt activity, and ten years for conspiracy, the counts to be served consecutively, for a total term of imprisonment of 20 years. *Id.* The convictions arose from Mr. Sands' plot to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. *Id.* at ¶ 6.

{¶4} "Mr. Sands appealed, and this court affirmed. *Sands I* at ¶ 195. The Supreme Court of Ohio denied a motion for delayed appeal. *State v. Sands,* 127 Ohio St.3d 1443, 2010–Ohio–5762.

2

{¶5} "Mr. Sands was also tried and convicted on federal charges stemming from his plot. He was sentenced on those charges to ten years of imprisonment."

{¶6} Since his conviction, Mr. Sands has filed numerous actions in both state and federal court, generally without success.

{¶9} "This court has jurisdiction to hear an original mandamus action pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02. In order to be entitled to a writ of mandamus a relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, * * *. The burden is on the relator to establish the elements to obtain the writ. *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 34, * * *." (Parallel citations omitted.) *State ex rel. Cochran v. Boardman Twp. Bd. of Trustees*, 196 Ohio App.3d 185, 2011-Ohio-4255, ¶6 (7th Dist.) Relator bears the burden of showing a clear legal right to the relief requested in mandamus. *Cochran*, *supra*, at ¶6.

{¶7} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, * * * (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

{¶8} "When considering a motion for summary judgment, the trial court may not

3

weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121, * * * (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359, * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, * * * (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, * * * (1996). (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

{¶10} In support of his petition, Mr. Sands argues the indictment did not put him on notice of the predicate offenses for the count of engaging in a pattern of corrupt activity, and the conspiracy counts, which were attempted murder, and attempted aggravated arson.

{¶11} Mr. Sands has raised this argument many, many times, most recently in *State v. Sands*, 11th Dist. Lake No. 2017-L-009, 2017-Ohio-5860, which was an appeal of the trial court's denial of a motion to arrest judgment. *Id.* at ¶1. Mr. Sands argued the indictment did not put him on notice of the predicate offenses underlying the count of engaging in a pattern of corrupt activity, and the conspiracy counts. *Id.* at ¶7-8. We held this argument was barred by res judicata, since it could have been raised on his direct

4

appeal. *Id.* at ¶13-15. We further held, at ¶16: "* * * Mr. Sands' argument is substantively untrue. An indictment for engaging in a pattern of corrupt activity or conspiracy must identify the predicate offenses. *State v. Burkitt*, 89 Ohio App.3d 214, 224 (1993) (engaging in a pattern of corrupt activity); *State v. Childs*, 88 Ohio St.3d 194, 199 (2000) (conspiracy). In this case, the indictment contains precise descriptions of the substantial, overt acts committed by Mr. Sands constituting the predicate offenses."

{¶12} The petition is barred by res judicata. It lacks any substantive merit.

{¶13} Respondents' motion for summary judgment is granted, and the petition is denied as moot.

{¶14} Any pending motions are hereby overruled.


THOMAS R. WRIGHT, P.J., DIANE V. GRENDELL, J., COLLEEN M. O'TOOLE, J., concur.