**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Culotta,* Slip Opinion No. 2019-Ohio-4129.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4129

THE STATE EX REL. SANDS, APPELLANT, *v.* CULOTTA, JUDGE, ET AL.,

APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Culotta,***

**Slip Opinion No. 2019-Ohio-4129.]**

*Mandamus—Relator had adequate remedy at law by way of appeal to challenge sufficiency of indictment—Court of appeals' judgment affirmed.*

(No. 2018-1690—Submitted August 6, 2019—Decided October 9, 2019.)

APPEAL from the Court of Appeals for Lake County,

No. 2018-L-003, 2018-Ohio-4272.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Joseph A. Sands, appeals the judgment of the Eleventh District Court of Appeals granting summary judgment to appellees, Lake County Court of Common Pleas Judge Vincent A. Culotta and Lake County Prosecuting Attorney Charles E. Coulson, and denying his petition for a writ of mandamus. We deny Sands's motion for an order under S.Ct.Prac.R. 16.07(B) against appellees, and we affirm the judgment of the court of appeals.

**Background**

**{¶ 2}** In May 2006, a grand jury indicted Sands on 14 counts: 2 counts of engaging in a pattern of corrupt activity, 4 counts of conspiracy to commit aggravated murder, and 8 counts of conspiracy to commit aggravated arson.

**{¶ 3}** In December 2006, a jury found Sands guilty of one count of engaging in a pattern of corrupt activity, three counts of conspiracy to commit aggravated murder, and two counts of conspiracy to commit aggravated arson. Judge Culotta merged the five conspiracy counts and sentenced Sands to a 10-year term in prison to be served consecutively to his 10-year sentence for engaging in a pattern of corrupt activity, for a total of 20 years in prison. The court of appeals affirmed the convictions and sentence. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981.

**{¶ 4}** In January 2018, Sands filed a petition for a writ of mandamus in the court of appeals. Sands claimed that the indictment had failed to place him on notice of the predicate offenses underlying the charges of engaging in a pattern of corrupt activity and conspiracy. Sands also argued that the indictment had failed to charge essential elements of the underlying predicate offenses. Sands sought an order from the court of appeals compelling Judge Culotta to dismiss the indictment.

**{¶ 5}** Appellees moved to dismiss or, in the alternative, for summary judgment, arguing that Sands had failed to include a statement of his inmate account for the preceding six months, as required by R.C. 2969.25(C)(1). They also argued that Sands had an adequate remedy at law. Sands interpreted appellees' latter argument as a res judicata assertion and argued that it is improper to raise res judicata in a Civ.R. 12(B)(6) motion. He further maintained that his statement of account in his affidavit of waiver and affidavit of indigency complied with R.C. 2969.25(C)(1) and that he had no adequate remedy at law. Sands also moved for summary judgment, arguing that the indictment was unconstitutional because several counts did not cite the predicate felonies.

**{¶ 6}** In October 2018, the court of appeals granted appellees' motion for summary judgment and denied Sands's petition, holding that Sands's claims were barred by res judicata. The court of appeals also denied as moot the remaining motions, including Sands's own motion for summary judgment. Sands appealed.

### Analysis

*Sands's motion under S.Ct.Prac.R. 16.07(B)*

**{¶ 7}** On March 11, 2019, Sands moved for what he called a "procedural order" pursuant to S.Ct.Prac.R. 16.07(B), arguing that he was entitled to reversal of the court of appeals' judgment because appellees did not file a response to the appellant's brief that Sands had filed. S.Ct.Prac.R 16.07(B) states the consequences of the failure of an appellee to file a brief:

> If the appellee fails to file a merit brief within the time provided by S.Ct.Prac.R. 16.03 or as extended in accordance with S.Ct.Prac.R. 3.03, the Supreme Court may accept the appellant's statement of facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain reversal.

**{¶ 8}** In response, appellees claimed that they had never received service of Sands's brief. We granted appellees leave to file a brief within 30 days, thereby effectively denying Sands's motion. Appellees filed a timely merit brief on May 13, 2019.

**{¶ 9}** In his reply brief, Sands renews his motion under S.Ct.Prac.R. 16.07(B), arguing that appellees' merit brief is deficient because it lacks an appendix and for other reasons. Sands contends that the alleged defects should result in an order reversing the court of appeals' judgment under S.Ct.Prac.R. 16.07(B) as if appellees had filed no brief at all. By making this new argument in his reply brief, Sands has prevented appellees from responding, and it is for this

reason that we generally do not consider issues raised for the first time in a reply brief. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 18. Sands could have filed a motion to strike, to which appellees could have responded. We therefore deny Sands's motion for an order under S.Ct.Prac.R. 16.07(B).

*Mandamus*

{¶ 10} To be entitled to a writ of mandamus, Sands must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on appellees' part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 11} Sands argued in the court of appeals that he was entitled to a writ of mandamus because the indictment did not put him on notice of the predicate offense for engaging in a pattern of corrupt activity or the predicate offense for conspiracy. The court of appeals granted appellees' motion for summary judgment, holding that Sands's claims were barred by res judicata. The court of appeals noted that Sands had raised the same claim previously, most recently in *State v. Sands*, 11th Dist. Lake No. 2017-L-009, 2017-Ohio-5860. In addition, the court of appeals here reiterated that Sands's argument was " 'substantively untrue,' " because his indictment had precisely described the predicate acts. 2018-Ohio-4272, ¶ 11, quoting 2017-Ohio-5860 at ¶ 16.

{¶ 12} On appeal, Sands contends that the court of appeals erred when it failed to give him notice that it intended under Civ.R. 12(B) to convert the motion to dismiss to a motion for summary judgment. Sands is correct that the court of appeals did not formally convert the motion to dismiss to a summary-judgment motion. But regardless of whether Sands had notice and an opportunity to respond, the court of appeals properly ruled in favor of appellees because relief in mandamus is unavailable to challenge a defective indictment. *State ex rel. Hamilton v.*

*Brunner*, 105 Ohio St.3d 304, 2005-Ohio-1735, 825 N.E.2d 607, ¶ 6. A relator has an adequate remedy at law by way of appeal to challenge the sufficiency of a charging instrument. *State ex rel. Bennett v. White*, 93 Ohio St.3d 583, 584, 757 N.E.2d 364 (2001).

**{¶ 13}** Sands's claims also fail on the merits, as the indictment both stated that conspiracy to commit aggravated murder was the predicate offense for engaging in a pattern of corrupt activity and listed the elements of conspiracy to commit aggravated arson. And, contrary to Sands's contention, the grand jury was not required to set forth every element of each predicate offense in the indictment. *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 11.

**{¶ 14}** Therefore, even if the court of appeals erred in granting the motion for summary judgment based on res judicata, this court " 'is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof.' " *Salloum v. Falkowski*, 151 Ohio St.3d 531, 2017-Ohio-8722, 90 N.E.3d 918, ¶ 12, quoting *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). We therefore affirm the judgment of the court of appeals. *See Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, ¶ 7 (although it was error for court of appeals to dismiss habeas corpus petition on basis of res judicata, judgment was affirmed because petitioner failed to state a claim that was cognizable in habeas).

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————————

Joseph A. Sands, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Michael L. DeLeone, Assistant Prosecuting Attorney, for appellees.

————————————