[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wright v. Clerk of Mun. Court*, Slip Opinion No. 2026-Ohio-1251.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1251

THE STATE EX REL. WRIGHT, APPELLANT, *v.* CLERK OF MUNICIPAL COURT, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wright v. Clerk of Mun. Court*, Slip Opinion No. 2026-Ohio-1251.]

*Mandamus—Court of appeals correctly granted clerk's motion to dismiss for appellant's failure to state a claim cognizable in mandamus—Dismissal affirmed.*

(No. 2025-1235—Submitted February 10, 2026—Decided April 9, 2026.)

APPEAL from the Court of Appeals for Franklin County, No. 24AP-746.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Ramone Wright, appeals the judgment of the Tenth District Court of Appeals dismissing his petition for a writ of mandamus against appellee, the Franklin County Municipal Court Clerk. Wright requested a writ of mandamus to compel the clerk to vacate Wright's allegedly unconstitutional 2009 conviction in the municipal court for failure to reinstate his driver's license. Because Wright has failed to state a valid claim in mandamus, we affirm.

{¶ 2} Wright also has filed a request for judgment, which we deny as moot.

## I. BACKGROUND

{¶ 3} Wright is incarcerated at a federal prison in South Carolina. In December 2024, he filed a petition for a writ of mandamus in the Tenth District against the clerk. In its caption, the petition names as relator "State Ramone Wright," listing Wright's inmate number and his address at the federal prison, and names as respondent "Clerk of Court Municipal," listing the address of the Franklin County Municipal Court in Columbus, Ohio. According to the petition and its exhibits, Wright received a traffic citation in Franklin County in 2009 for one count each of operating a motor vehicle without a valid license, failure to reinstate his driver's license, failure to wear a seat belt, and failure to signal. He pleaded guilty to one count of failure to reinstate, and the other counts were dismissed. The municipal court sentenced him to 39 days in the Franklin County jail, with 39 days' credit for time served, assessed court costs against him, and suspended his driving privileges for 10 days.

{¶ 4} In the petition, Wright appears to contend that an error in the judgment entry identifying the number of the count to which he pleaded guilty resulted in an alleged violation of his due-process rights under the Sixth Amendment to the United States Constitution. He requested a writ of mandamus directing the clerk to "examine the record pertaining to reconfiguration of [the] citation violation" and to

vacate his allegedly unconstitutional conviction. Wright did not challenge his conviction in the trial court or on appeal.

{¶ 5} Wright included with his petition an unnotarized document purporting to be an affidavit, in which he stated that he had not filed any civil actions or appeals in the prior five-year period.

{¶ 6} The Tenth District referred the case to a magistrate. The clerk filed a motion to dismiss, arguing that Wright failed to properly caption his petition, failed to include a notarized affidavit of prior civil actions, and failed to allege any facts showing that he is entitled to relief in mandamus. The magistrate issued a decision, making findings of fact and conclusions of law and recommending that the Tenth District grant the motion to dismiss. The magistrate concluded that Wright's petition failed to state a claim upon which relief could be granted because it did not show that Wright had a clear legal right to have his conviction vacated, that the clerk had a clear legal duty to vacate Wright's conviction, or that Wright lacked an adequate remedy in the ordinary course of the law to challenge his conviction. In addition, the magistrate concluded that Wright's failure to notarize his affidavit of prior civil actions was not fatal to his claim because the affidavit requirement in R.C. 2969.25 did not apply to an inmate like Wright who had not filed any civil actions in the previous five years. Finally, the magistrate determined that due to his conclusion that the petition failed to state a mandamus claim, he did not need to decide whether the petition's caption was improper.

{¶ 7} Wright objected to the magistrate's decision, rearguing the merits of his claim and contending that the magistrate violated his due-process rights by not providing him with notice or an opportunity to cure the defects in his petition. The Tenth District overruled Wright's objections and adopted the magistrate's decision as its own. Holding that Wright had not established his entitlement to a writ of mandamus, the Tenth District granted the clerk's motion to dismiss, denied the writ, and dismissed the action.

**{¶ 8}** Wright has appealed to this court as of right. He also has filed a "request for judgment."

## II. ANALYSIS

### A. The Tenth District Correctly Dismissed Wright's Petition

**{¶ 9}** We review de novo a decision granting a motion to dismiss for failure to state a claim. *State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 11. To be entitled to a writ of mandamus, Wright must establish a clear legal right to the requested relief, a clear legal duty on the part of the clerk to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Casey v. Brown*, 2023-Ohio-2264, ¶ 15. For a court to dismiss a mandamus complaint for failure to state a claim upon which relief can be granted, "it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in the relator's favor." *Sands* at ¶ 11.

**{¶ 10}** Although the petition is difficult to understand, Wright appears to allege that his due-process rights were violated when the prosecution "reconfigured" the failure-to-reinstate charge listed on the citation by changing its "count" designation. Specifically, it seems that while the citation identified the failure-to-reinstate charge as count two, the court's judgment entry memorializing the plea says that offenses two, three, and four were dismissed. Wright alleges that this inaccuracy on the judgment-entry form resulted in an "illegal sentence" that violated his due-process rights. He contends that this "reconfiguration" of the charges was "prejudicial to the defense" because it violated his Sixth Amendment right to be informed of the nature of the charges against him. He wants the clerk to "examine the record pertaining to reconfiguration of [the] citation violation" and vacate the allegedly unconstitutional conviction.

**{¶ 11}** The clerk claims that Wright's failure to properly caption his case and to include an affidavit of prior civil actions is fatal to his mandamus claim. But

these alleged procedural flaws do not require dismissal of Wright's petition. R.C. 2731.04 provides that a petition for a writ of mandamus must be brought in the name of the State on the relation of the petitioner. Wright's petition uses a printed template for a petition for a writ of mandamus, apparently downloaded from the website of the Office of the Ohio Public Defender.[1] Wright's petition is captioned with "State" preprinted in typeface, after which Wright has handwritten his name, inmate number, and institutional address as directed by the form. Oddly, the words "ex rel.," which appear after the word "State" on the form available on the Ohio Public Defender's website, do not appear on the form used for Wright's petition. However, the combination of the preprinted word "State" and Wright's handwritten insertions thereafter make it evident that he is bringing this action in the name of the State on his relation.

{¶ 12} As to the affidavit requirement, R.C. 2969.25(A) requires that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Wright included with his petition an unnotarized statement asserting that he had not filed any civil actions in the previous five years. R.C. 2969.25 does not require an inmate who has not filed a civil action or an appeal of a civil action in the previous five years to file an affidavit of prior civil actions. *State ex rel. Wickensimer v. Bartleson*, 2009-Ohio-4695, ¶ 3. Therefore, dismissal is not required on this ground.

{¶ 13} The Tenth District is correct that Wright's petition does not state a valid claim in mandamus. First, the petition does not allege that Wright has a clear

---

1. The "Writ of Mandamus" packet used by Wright is located at the following URL: https://dam.assets.ohio.gov/image/upload/opd.ohio.gov/Law%20Library/Representing%20Yourself/Pro%20Se%20Packets/2024/Mandamus-Procedendo_01-2024Packet_.pdf (accessed March 5, 2026) [https://perma.cc/X7FT-Y27P].

legal right to have his conviction vacated. For mandamus to lie, the legal right must be clear and unequivocal. *See State ex rel. Manley v. Walsh*, 2014-Ohio-4563, ¶ 27 (mandamus is appropriate when "the right is clear, and does not depend upon complication of disputed facts"). Here, because the petition does not point to any authority that confers a right to have the conviction vacated, Wright has not established a clear legal right to the requested relief.

{¶ 14} Second, the petition does not allege that the clerk had a clear legal duty to review the record and vacate Wright's conviction, and it does not cite any statute or caselaw that would impose such a duty. In fact, no such duty exists. While a municipal-court clerk has a statutory duty under R.C. 1901.31(E) to "enter all reports, verdicts, orders, judgments, and proceedings of the court, clearly specifying the relief granted or orders made in each action," the statute does not impose upon the clerk any duty to vacate a verdict, order, or judgment entered by the municipal court, *see id.*

{¶ 15} Third, Wright had an adequate legal remedy in the ordinary course of the law to challenge his conviction. In seeking to vacate his guilty plea, Wright is raising arguments that he could have raised in an appeal from his conviction. *See Shoop v. State*, 2015-Ohio-2068, ¶ 9, citing R.C. 2731.05. Relief in mandamus is unavailable to challenge a defective indictment or to assert due-process claims. *State ex rel. Sands v. Culotta*, 2019-Ohio-4129, ¶ 12 ("A relator has an adequate remedy at law by way of appeal to challenge the sufficiency of a charging instrument."); *Jackson v. Johnson*, 2013-Ohio-999, ¶ 3 (petitioner had an adequate remedy in the ordinary course of the law by way of appeal to raise due-process claims).

{¶ 16} In his merit brief, Wright also argues that his guilty plea was involuntary because he was not properly advised and did not understand the consequences of his plea. These arguments are not properly before the court, however, because Wright did not present them in his writ petition. *State ex rel.*

*Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177 (1992) (holding that an appellant may not present new arguments for the first time on appeal). Moreover, these claims are not cognizable in an extraordinary writ action. *See Bell v. McConahay*, 2023-Ohio-693, ¶ 10-12 (habeas petitioner had an adequate remedy in the ordinary course of the law to raise claims that he was denied his constitutional rights of due process and effective assistance of counsel and to challenge trial court's alleged failure to conduct plea colloquy).

{¶ 17} Because Wright failed to state a cognizable claim in mandamus, the Tenth District correctly granted the clerk's motion to dismiss, and we therefore affirm the Tenth District's judgment dismissing Wright's petition.

### B. Request for Judgment

{¶ 18} While the appeal was pending, Wright filed a document styled as "request judgment in case," in which he asks this court to enter judgment in his appeal. We deny the request as moot.

### III. CONCLUSION

{¶ 19} We affirm the judgment of the Tenth District Court of Appeals dismissing Wright's petition for a writ of mandamus. We deny as moot Wright's request for judgment.

Judgment affirmed.

_____

Ramone Wright, pro se.

Zach Klein, Columbus City Attorney, and Richard N. Coglianese, Assistant City Attorney, for appellee.

_____