[Cite as *State v. Sands*, 2013-Ohio-2822.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2012-L-096** |
| - vs - | : | |
| JOSEPH A. SANDS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000401.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph A. Sands*, pro se, PID: 30611-160, Manchester FCI, P.O. Box 4000, Manchester, KY, 40962 (Pro Se Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Joseph A. Sands appeals from the August 13, 2012 judgment entry of the Lake County Court of Common Pleas, denying his petition for postconviction relief. In doing so, the trial court found the petition untimely, procedurally improper, in part, and barred by res judicata, in part. This court agrees, and affirms.

{¶2} In November 2006, Mr. Sands was convicted of one count of engaging in a pattern of corrupt activity, a felony of the first degree; three counts of conspiracy to

commit aggravated murder, felonies of the first degree; and two counts of conspiracy to commit aggravated arson, felonies of the first degree. *See generally State v. Sands*, 11th Dist. No. 2007-L-003, 2008-Ohio-6981, ¶23. For purposes of sentencing, the trial court merged the conspiracy counts, and sentenced Mr. Sands to ten years imprisonment on the count of engaging in a pattern of corrupt activity, and ten years for conspiracy, the terms to be served consecutively, for a total of twenty years imprisonment. *Id.* Mr. Sands' convictions arose from his plot to murder Painseville Municipal Court Judge Michael Ciconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. *Id.* at ¶6.

{¶3} Mr. Sands appealed, and this court affirmed. *Id.* at ¶195. Thereafter, the Supreme Court of Ohio denied a motion for delayed appeal. *State v. Sands*, 127 Ohio St.3d 1443, 2010-Ohio-5762.

{¶4} In August 2011, Mr. Sands petitioned the trial court for postconviction relief, pursuant to R.C. 2953.21. The trial court denied the petition, and this appeal timely ensued. Mr. Sands assigns four errors:

{¶5} "[1.] The appellant was denied his constitutional right to the effective assistance of counsel on appeal.

{¶6} "[2.] The appellant was denied his constitutional right to effective assistance of counsel at trial.

{¶7} "[3.] The appellant was denied his constitutional right to the effective assistance of counsel at trial.

{¶8} "[4.] The appellant was denied his right to the effective assistance of counsel at sentencing."

2

{¶9} Initially, the court notes that the trial court, before considering Mr. Sands' petition on its merits, found it untimely filed, and denied it without hearing on that basis. This court agrees. As the trial court noted, R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within one hundred eighty days after the date the trial transcript is filed in the court of appeals. This provision may only be overridden if R.C. 2953.23(A)(1) or (2) applies. R.C. 2953.23(A)(1) is limited to instances in which the petitioner shows that he or she was unavoidably prevented from discovery of the facts pertinent to the claim for relief, or in which the United States Supreme Court has recognized a new federal or state right, which applies retroactively to the petitioner's situation. R.C. 2953.23(A)(2) applies only to instances where DNA testing establishes by clear and convincing evidence that the petitioner is actually innocent. As Mr. Sands made neither of these claims in his petition, the trial court was mandated to deny it. R.C. 2953.23(A).

{¶10} On this basis alone, the judgment of the trial court is affirmed. However, the court will briefly discuss the assignments of error made.

{¶11} An appellate court reviews the grant or denial of a petition for postconviction relief for abuse of discretion. *State v. Smith*, 8th Dist. No. 94110, 2010-Ohio-4492, ¶9. The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.2008).

3

{¶12} By his first assignment of error, Mr. Sands alleges his appellate counsel was ineffective. In *State v. Love*, 11th Dist. No. 2007-L-030, 2007-Ohio-6256, ¶18, this court held: "[C]laims regarding ineffective assistance of appellate counsel are not cognizable in postconviction proceedings brought pursuant to R.C. 2953.21. *Morgan v. Eads*, 104 Ohio St.3d 142, 2004 Ohio 6110, at ¶6, * * *. Such claims must be raised by an application for reopening filed pursuant to App.R. 26(B). *Morgan* at ¶7." (Parallel citation omitted.) Consequently, this court will not entertain this argument. The first assignment of error lacks merit on this basis.

{¶13} By his second assignment of error, Mr. Sands alleges trial counsel was ineffective for failure to investigate his claims regarding alibi witnesses.

{¶14} "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis sic.) *State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967).

{¶15} On his direct appeal, Mr. Sands alleged some forty-three instances of ineffective assistance of counsel, which we thoroughly discussed, finding all without merit. *Sands*, 2008-Ohio-6981, at ¶32-135. Trial counsel's alleged failure to investigate Mr. Sands' claim that he had alibi witnesses who could absolve him does not seem to be amongst those raised on direct appeal – but it could, and should have been. This is not a fact which Mr. Sands was unable to discover at the time of trial or appeal, possibly

4

bringing R.C. 2953.23(A)(1)(a) into play. This assignment of error is barred by res judicata, and lacks merit.

{¶16} By his third assignment of error, Mr. Sands alleges trial counsel was ineffective for failing to require the state to turn over notes made by the informant working with the state, Jason Green. This assignment of error is factually incorrect. On direct appeal, this court noted:

{¶17} "Mr. Sands' rendition of the side-bar discussions as to these notes is incorrect. It is clear that defense counsel requested production of the notes on two occasions and the court instructed the state to produce the 'notes' if indeed they were in the possession of the state or its witness. There is nothing in this record to demonstrate that the notes were in the possession of the state or its witness, or were actually produced or introduced at trial." *Id.* at ¶68.

{¶18} Apart from being factually wrong, this assignment of error is obviously barred by res judicata, as this court has already considered it, and rejected it. It lacks merit.

{¶19} On December 10, 2012, January 7, 2013, and January 29, 2013, Mr. Sands filed pleadings variously described as "reply" briefs, or a "petition" to address this court. They are substantially the same, and appear to be in support of his second and third assignments of error, in that they cite to the decision of the United States Supreme Court in *Sanders v. United States*, 373 U.S. 1 (1963), for the proposition that res judicata has no place in proceedings for a writ of habeas corpus. In response, this court notes this is not a habeas proceeding, but a petition for postconviction relief, a purely legal remedy provided by the State of Ohio. The court further notes the Supreme Court

5

of Ohio recently held that "[r]es judicata bars [appellant] from using habeas corpus to obtain a successive appellate review of the same claim." *Cool v. Turner*, 135 Ohio St.3d 185, 2013-Ohio-85. The claims of ineffective assistance of trial counsel raised by the second and third assignments of error have already been reviewed, and rejected, by this court.

{¶20} Further, on February 19, 2013, Mr. Sands submitted supplemental authority, also apparently in support of his second and third assignments of error, directing the court's attention to the decisions of the United States Supreme Court in *Lafler v. Cooper*, __ U.S. ___, 132 S.Ct. 1376 (2012); and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012.) In *Lafler*, the Court held that ineffective assistance of counsel can be found if a defendant shows that counsel's advice led to the rejection of a plea deal which the trial court would most likely have accepted, and which would have resulted in a less onerous conviction or sentence. *Id.* at 1388-1389. In *Frye*, the Court held that ineffective assistance of counsel may extend to situations where trial counsel fails to notify a defendant of the terms of a plea offer. *Id.* at 1409-1411.

{¶21} Mr. Sands does not allege in his petition that trial counsel counseled him to reject a favorable plea deal, or failed to communicate such a deal. *Lafler* and *Frye* are inapplicable.

{¶22} By his fourth assignment of error, Mr. Sands alleges that trial counsel was ineffective at sentencing, by failing to obtain merger of his convictions for engaging in a pattern of corrupt activity, and conspiracy, for sentencing purposes. He believes that since the evidence regarding his plot to commit arson and murder supported each conviction, he can only be sentenced for one crime. He has twice submitted as

supplemental authority R.C. 2923.01, governing the crime of conspiracy, as further support.

{¶23} Mr. Sands is arguing that the crimes for which he was convicted are allied offenses of similar import. This issue was raised on direct appeal, and squarely rejected. *Sands*, 2008-Ohio-6981, ¶187-194. In that opinion, this court noted that R.C. 2923.32(B)(1), concerning engaging in a pattern of corrupt activity, specifically allows a defendant to be convicted of conspiracy as well. *Id.* at ¶191.

{¶24} This assignment of error is barred by res judicata, and lacks merit.

{¶25} The assignments of error being without merit, the judgment of the Lake County Court of Common Pleas is affirmed.

{¶26} It appearing from the record that appellant is indigent, costs are waived.


DIANE V. GRENDELL, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.

7