[Cite as *State v. Wright*, 2016-Ohio-7248.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27016 |
| | : | |
| v. | : | Trial Court Case No. 83-CR-2401 |
| | : | |
| RAYMOND LEE WRIGHT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of October, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

RAYMOND L. WRIGHT, #178-707, Marion Correctional Institution, 940 Marion-Williamsport Road, Post Office Box 57, Marion, Ohio 43301-0057
      Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1} Raymond Lee Wright appeals from the January 15, 2016 Order and Entry of

the trial court overruling his November 16, 2015 "Motion to Vacate Revived Dormant Judgment." (Doc. # 13.) Wright's sole assignment of error contends that the trial abused its discretion by overruling his motion. Finding no error, we affirm.

{¶ 2} By an entry filed in April 1984, Wright was sentenced to prison in this case for 14 to 25 years for two counts of rape and one count of felonious sexual penetration, to be served consecutively to sentences imposed in three other cases. The record reveals that on January 25, 2000, the State filed a Motion to Revive Judgment, seeking to revive a judgment for costs that had become dormant. The amount of the judgment was $2,021.70. According to notice given in the motion, a hearing on the motion was set for February 4, 2000, at 9:00 a.m. The motion contains a certificate of service indicating that on the date of filing, the motion was mailed to Wright at his place of incarceration at that time.

{¶ 3} On February 17, 2000, the trial court filed an Order of Reviver of Judgment in the amount of $2,021.70. The Order indicates that "Said motion and notice was properly served upon the Defendant in the action." (Doc. # 5.) No appeal was ever taken from this order.

{¶ 4} In his November 16, 2015 "Motion to Vacate Revived Dormant Judgment," Wright asserts that he did not receive notice, nor did he have an opportunity to be heard, with respect to the 2000 reviver of the judgment. However, in his "Merit Brief of Appellant," filed in this court, Wright acknowledges that "[a]lthough Defendant was given notice of the February 4, 2000 hearing, defendant was not given an opportunity to be heard." Merit Brief at p. 3. Presumably, Wright did not appear at the hearing due to his incarceration. He complains that the court did not issue a warrant to convey him to the

hearing. However, he does not suggest that he requested an appearance, and the record contains no request by him to be transported to appear. He also did not file any documentary response to the State's Motion to Revive Judgment.

**{¶ 5}** We note that the record definitively indicates that Wright has been aware of the reviver of judgment for some 15 years before he filed his November 16, 2015 motion. On February 22, 2001, Wright filed a "Motion to Suspend Fine, Payment of Court Costs and/or Restitution." (Doc. # 6.) The trial court filed a Decision, Order and Entry Overruling this motion on April 3, 2001. (Doc. # 9.) The court's decision reflects that the judgment had been previously revived, and specifically refers to the motion and entry of revival filed, respectively, in January and February 2000. In addition, the decision indicates that it was sent to Wright at the address of incarceration that Wright had listed on the motion he filed on February 22, 2001. No appeal from that decision was filed.

**{¶ 6}** Six years later, on December 10, 2007, Wright filed a "Motion to Vacate Payment of Court Costs." (Doc. # 10.) The trial court overruled this motion by Decision and Entry filed on January 30, 2008. (Doc. # 11.) Again, the Decision and Entry indicates that it was mailed to Wright at the prison address he had listed in his motion. Wright did not appeal from this decision and entry, either.[1]

**{¶ 7}** "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist.

---

[1] In addition, on July 22, 2009, Wright filed a "Motion to Dismiss Court Costs, fines and restitution: Pursuant, M.V.R.A., [Mandatory Victims Restitution Act] of 1996." (Quoted verbatim and parenthetical material added.) No decision or ruling on that motion appears in the record.

Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata "applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence." *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Because Wright did not appeal from the 2000 entry reviving the judgment against him for costs, he cannot now challenge it with a new and different motion.

{¶ 8} In his brief, Wright also complains that in the original judgment entry of conviction and sentencing (the "Termination Entry" filed on April 9, 1984), the trial court ordered him to pay court costs, but left the amount blank. Wright argues that the court's failure to include an amount in the entry, therefore, absolves him of any obligation to pay the costs he currently disputes.

{¶ 9} The Ohio Supreme Court has held that a sentencing entry assessing an undetermined amount of court costs to be paid by the defendant is a final order because the calculation of costs is "merely a 'ministerial' or mechanical task." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 21. We have also held that a failure to specify the amount at sentencing does not affect the order's finality, and the itemized bill may be calculated later. *State v. Murillo*, 2d Dist. Montgomery No. 21919, 2008-Ohio-201, ¶ 14, citing *Threatt* at ¶ 21. Therefore, we disagree with Wright's argument. Moreover, Wright's direct appeal did not raise any issues about the imposition of court costs in an undetermined amount. *See State v. Wright*, 2d Dist. Montgomery No. 8804, 1986 WL 5136 (Apr. 30, 1986). Because this is an issue that Wright could have raised during his direct appeal, res judicata prevents him from raising it in a separate motion, over 20 years later.

{¶ 10} Accordingly, Wright's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Raymond L. Wright
Hon. Gregory F. Singer