[Cite as *State v. Sands*, 2019-Ohio-4736.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-050** |
| JOSEPH A. SANDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000401.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph A. Sands*, pro se, PID# A664-601, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Joseph A. Sands, appeals from the judgment of the Lake County Court of Common Pleas, denying his motion requesting an order that the clerk cease billing him for court costs. For the following reasons, we affirm the judgment of the lower court.

{¶2} On June 16, 2006, Sands was indicted by the Lake County Grand Jury for two counts of Engaging in a Pattern of Corrupt Activity, felonies of the first degree, in

violation of R.C. 2923.32(A)(1); four counts of Conspiracy to Commit Aggravated Murder, felonies of the first degree, in violation of R.C. 2923.01(A)(1); and eight counts of Conspiracy to Commit Aggravated Arson, felonies of the second and third degree, in violation of R.C. 2909.02(A)(1) and (2) and 2923.01(A)(1). The charges arose from a plot by Sands to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. Sands was found guilty of one count of Engaging in a Pattern of Corrupt Activity, three counts of Conspiracy to Commit Aggravated Murder, and two counts of Conspiracy to Commit Aggravated Arson. In a December 11, 2006 Judgment Entry of Sentence, the court ordered Sands to serve a prison term of twenty years and to pay all court costs and the costs of prosecution.

{¶3} Sands' conviction and sentence were affirmed on direct appeal. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981.[1] In a subsequent appeal, this court found error in the imposition of post-release control, *State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150, which was corrected on remand.

{¶4} On March 9, 2017, the Lake County Clerk of Courts sent a letter to the Marion Correctional Institution (MCI) cashier's office requesting that it "apply any funds on account for [Sands] * * * toward [his] court cost obligation." The letter stated that a certified copy of the judgment entry ordering court costs and a bill of costs were enclosed.

{¶5} On April 16, 2019, Sands filed a "Motion for a Cease and Decease Order"

---

1. Sands has filed several appeals over the course of the past decade, alleging various errors relating to the indictment, sentencing, and ineffective assistance of counsel, which have been found to lack merit. *State v. Sands*, 11th Dist. Lake No. 2012-L-096, 2013-Ohio-2822; *State v. Sands*, 11th Dist. Lake No. 2016-L-124, 2017-Ohio-5857; *State v. Sands*, 11th Dist. Lake No. 2017-L-009, 2017-Ohio-5860; and *State v. Sands*, 11th Dist. Lake No. 2017-L-104, 2018-Ohio-2457.

[sic], in which he requested that the trial court waive his court costs due to indigency and order the clerk of courts to cease requests for payment of costs until a hearing was held upon his ability to pay. This motion was denied in a May 8, 2019 Judgment Entry.

{¶6} Sands filed a "Motion for An Cease and Decease an Immediate Order" [sic], on May 16, 2019, requesting that the trial court order the clerk and the MCI cashier to cease removing money from his inmate account to pay court costs without first obtaining a civil judgment order of garnishment. This motion was denied in a May 29, 2019 Judgment Entry.

{¶7} On June 3, 2019, Sands filed a "Notice of Appeal of the Trial Court[']s Judgment that was Entered on May 8, 2019." Attached to the Notice of Appeal was the lower court's May 8 Entry. On appeal, Sands raises the following assignment of error:

{¶8} "The trial court committed prejudic[ial] error when the trial court fail[ed] to grant the defendant[']s cease and decease motion [sic] where the Lake County Common Pleas Court Clerk of Court Office and the Marion Correctional Institution Cashier Office has no legal jurisdiction under Ohio law, R.C. 2715.01[,] R.C. 2716.01, [and] R.C. 5120.133 to collect funds out [of] the defendant inmate account to satisfy court cost [in] violation of the defendant[']s United State[s] Constitutional Rights Amendment 14."

{¶9} Sands argues that the clerk of courts did not have authority to instruct the MCI cashier to withhold or remove money from his inmate account to satisfy his court costs since the proper collection method for a civil judgment was not followed. He contends that, pursuant to R.C. 2715.01 and 2716.01, the clerk of courts was required to obtain a civil judgment of garnishment prior to requesting funds from his inmate

3

account.

{¶10} As an initial matter, Sands' Notice of Appeal states that he is appealing from the trial court's May 8, 2019 Judgment Entry, which was also attached to his Notice. The May 8 Entry related to his claim that the clerk should not be able to bill him due to his indigency and without the court determining his ability to pay costs. It was not related to the issue raised on appeal: whether it is proper to remove funds from his inmate account without a garnishment order, which issue was raised in his May 16, 2019 motion and ruled upon on May 29, 2019. Sands has not designated that his appeal arises from the May 29 Entry or attached it to his Notice of Appeal. This court is only required to address arguments arising from a properly appealed decision, in which the appellant has designated and attached the entry from which the appeal has originated. *State v. Nagy*, 11th Dist. Portage No. 2018-P-0098, 2019-Ohio-3058, ¶ 19 ("we need not address arguments arising from a decision that was not properly appealed") (citation omitted). However, even considering the substance of Sands' appeal, it lacks merit.

{¶11} Sands contends that money cannot be withheld or garnished from his inmate account without a civil judgment of garnishment pursuant to R.C. 2715.01 and 2716.01. R.C. 2715.01 provides that an attachment of a party's property or personal earnings may be granted only after garnishment proceedings. R.C. 2716.01 provides that personal earnings or property may be garnished only through proceedings set forth in Chapter 2716. As such, he argues that he was entitled to notice and an opportunity to a hearing to dispute the amount to be garnished under procedures set forth in Chapter 2716.

4

{¶12} Sands misconstrues the law on this issue. In *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, *superseded by statute on other grounds*, the Ohio Supreme Court explained that "for purposes of collection, an indigent criminal defendant is really no different from any other indigent who owes a debt. Therefore, we hold that the state may use any collection method that is available for collection of a civil judgment for money, as well as the procedures set out in R.C. 5120.133 if the defendant is incarcerated. An indigent defendant also has available those defenses and protections that are available against civil collection methods, as well as those available under R.C. 5120.133." *Id.* at ¶ 16.

{¶13} R.C. 5120.133(A) provides:

> The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid. No proceedings in aid of execution are necessary for the department to take the action required by this section.

It further allows the department of rehabilitation and correction to adopt rules relating to the retention of certain inmate funds. R.C. 5120.133(B); *see* Ohio Adm.Code 5120-5-03. It has been held that "the procedure outlined in R.C. 5120.133 and Ohio Adm.Code 5120-5-03 affords due process to inmate debtors prior to their collection from inmate accounts, since it provides for adequate notice and hearing." *Bell v. Beightler*, 10th Dist. Franklin No. 02AP-569, 2003-Ohio-88, ¶ 56; *State v. Peacock*, 11th Dist. Lake No.

2002-L-115, 2003-Ohio-6772, ¶ 54 ("The procedures adopted in [Adm.Code 5120-5-03] parallel the collection procedures for non-inmate debtors but are adapted to fit the special problems associated with pursuing collections from inmates and their accounts.").

{¶14} Pursuant to the foregoing law, the clerk of courts is permitted to request that funds be dispersed from an inmate's account where a certified copy of the judgment ordering court costs is provided to the department of rehabilitation and correction and if the money is not otherwise exempt from garnishment. R.C. 5120.133(A) and (B). This process was properly utilized in the present matter, where the clerk sent a letter to MCI requesting payment, which stated it attached the certified judgment entry as required, a fact which Sands does not dispute.

{¶15} While Sands contends that a separate civil judgment of garnishment is necessary under R.C. 2716.01, this is unnecessary in light of the procedure set forth above. Since the state is permitted to use the process set forth in R.C. 5120.133 to collect a judgment against an incarcerated individual, separate civil garnishment proceedings need not be undertaken.

{¶16} Sands interprets R.C. 5120.133(A) as requiring that the department of rehabilitation and correction be provided a certified copy of a "civil judgment entry" stating he owes a monetary obligation. R.C. 5120.133 contains no such language. It requires only a certified copy of a "judgment of a court of record in which a prisoner was a party that orders a prisoner to pay a stated obligation." The sentencing order requiring payment of court costs satisfies this requirement. *See State v. Kendall*, 2d Dist. Champaign No. 2019-CA-5, 2019-Ohio-2836, ¶ 27-30 (finding no error where the

6

court's sentencing entry ordered the payment of court costs to be paid from the inmate's account and no separate garnishment proceeding was held, noting that such deduction is permitted "without any other required proceeding in aid of execution").

{¶17}  The sole assignment of error is without merit.

{¶18}  For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, denying Sands' motion for the clerk to cease billing him for court costs and fees, is affirmed.  Costs to be taxed against appellant.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.