[Cite as *State v. Sands*, 2020-Ohio-3935.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-038** |
| JOSEPH A. SANDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000401.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph A. Sands*, pro se, PID# A664-601, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Joseph A. Sands, appeals from the judgment of the Lake County Court of Common Pleas, denying his motion arguing his sentence was contrary to law. For the following reasons, we affirm the judgment of the lower court.

{¶2} On June 16, 2006, Sands was indicted by the Lake County Grand Jury for two counts of Engaging in a Pattern of Corrupt Activity, felonies of the first degree, in violation of R.C. 2923.32(A)(1); four counts of Conspiracy to Commit Aggravated Murder,

felonies of the first degree, in violation of R.C. 2923.01(A)(1); and eight counts of Conspiracy to Commit Aggravated Arson, felonies of the second and third degree, in violation of R.C. 2909.02(A)(1) and (2) and 2923.01(A)(1). The charges arose from a plot by Sands to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. Following a trial, the jury found Sands guilty of one count of Engaging in a Pattern of Corrupt Activity, three counts of Conspiracy to Commit Aggravated Murder, and two counts of Conspiracy to Commit Aggravated Arson.

{¶3} A sentencing hearing was held on December 5, 2006, and the court memorialized its sentence in a December 11, 2006 Judgment Entry of Sentence. The court merged the conspiracy counts and sentenced Sands to serve ten years imprisonment for Engaging in a Pattern of Corrupt Activity and ten years for Conspiracy, to be served consecutively for a total of twenty years imprisonment.

{¶4} Sands' conviction and sentence were affirmed on direct appeal. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981. Sands has subsequently filed several appeals on various issues, which have been found to lack merit. *State v. Sands*, 11th Dist. Lake No. 2012-L-096, 2013-Ohio-2822; *State v. Sands*, 11th Dist. Lake No. 2016-L-124, 2017-Ohio-5857; *State v. Sands*, 11th Dist. Lake No. 2017-L-009, 2017-Ohio-5860; *State v. Sands*, 11th Dist. Lake No. 2017-L-104, 2018-Ohio-2457; *State v. Sands*, 11th Dist. Lake No. 2019-L-050, 2019-Ohio-4736; and *State v. Sands*, 11th Dist. Lake Nos. 2019-L-022 and 023, 2019-Ohio-4925. This court did find error in the imposition of post-release control in *State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150, which was corrected on remand.

2

{¶5} On February 21, 2020, Sands filed a "Motion that the Trial Court Imposed an Sentence on the Defendant that is Contrary to Law" in which he argued that he is entitled to a new sentencing hearing because the trial court did not give a factual basis for imposing more-than-minimum sentences. The trial court issued a Judgment Entry on February 26, 2020, denying the motion.

{¶6} Sands timely appeals and raises the following assignment of error:

{¶7} "The trial court erred to the prejudice of the defendant/appellant, by improperly sentencing him to a term of actual incarceration which was longer than the minimum term in contravention of Ohio sentencing laws."

{¶8} Sands argues that the lower court erred in ordering him to serve maximum terms without making factual findings under R.C. 2929.14(B) and 2929.19(B). The State argues that this matter is barred by the doctrine of res judicata.

{¶9} "[A] convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996); *State v. McGowan*, 11th Dist. Ashtabula No. 2016-A-0052, 2017-Ohio-7124, ¶ 7 ("[t]he doctrine of res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal"). Here, there is no question that Sands has raised numerous appeals before this court, including sentencing issues, but has failed to raise this argument regarding sentencing, although he could have done so on direct appeal.

3

{¶10} Sands argues, however, that he is permitted to raise the present argument because the court's failure to make the necessary findings rendered his sentence void.

{¶11} Void sentences, unlike voidable ones, are "not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." (Citation omitted.) *State v. Walker*, 11th Dist. Trumbull No. 2018-T-0024, 2018-Ohio-3964, ¶ 12; *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28. The Ohio Supreme Court has recently held, in addressing void-sentence jurisprudence, that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *State v. Harper*, __ Ohio St.3d __, 2020-Ohio-2913, __ N.E.3d __, ¶ 42; *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 45. As was noted in the court in *Harper*, this definition of "void" prevents "continued relitigation of the validity of a sentence—sometimes more than a decade after sentencing" and properly advances the public policies of finality and judicial economy. *Id.* at ¶ 37.

{¶12} Sands does not cite to any authority that the court's failure to make findings for issuing a maximum sentence rendered his sentence void and this issue does not fall under subject matter or personal jurisdiction. It has been held that a defendant's argument that the court erred in not considering factors for imposing a maximum sentence on a first time offender raised an issue of a voidable sentence rather than a void sentence, which is consistent with *Harper*'s limiting of void sentences to those which implicate issues of jurisdiction. *See State v. Davis*, 10th Dist. Franklin No. 19AP-419, 2019-Ohio-4956, ¶ 7-10; *State v. Kline*, 2d Dist. Montgomery No. 28362, 2019-Ohio-4704, ¶ 4-6.

{¶13} Even if the doctrine of res judicata did not apply, Sands' argument would be

4

meritless, as he misunderstands the applicable law at the time of his sentencing. Sands argues that the court failed to comply with R.C. 2929.14(B) and R.C. 2929.19(B)(2)(d). At the time of his sentencing, R.C. 2929.14(B) stated that, except as provided in specified provisions, "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section" unless the offender had previously served a prison term or the court made specific findings. Former R.C. 2929.19(B)(2)(d) required that the court shall "state its reasons for imposing the maximum prison term."

{¶14} However, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held: "Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional." *Id.* at ¶ 83. The court found these provisions could be severed and, after the severance, "judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." *Id.* at ¶ 99. The *Foster* opinion was issued several months before Sands' sentencing and thus, applied at the time he was sentenced. The trial court was not required to make factual findings under these severed provisions and, thus, did not err by failing to do so. Sands' citation to *State v. Edmonson*, 86 Ohio St.3d 324, 715 N.E.2d 131 (1999), for the proposition that the court must make certain findings when sentencing a defendant to more than a minimum sentence pursuant to the foregoing statutes, fails to recognize the foregoing holding, which abrogated *Edmonson*.

5

{¶15} The sole assignment of error is without merit.

{¶16} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.