[Cite as *State v. Sands*, 2020-Ohio-5472.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-072** |
| JOSEPH A. SANDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000401.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph A. Sands*, pro se, PID# A664-601, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Joseph A. Sands, appeals from the judgment of the Lake County Court of Common Pleas, denying his motion "to dismiss a void sentence." For the following reasons, we affirm the judgment of the lower court.

{¶2}    On June 16, 2006, Sands was indicted by the Lake County Grand Jury for two counts of Engaging in a Pattern of Corrupt Activity (Counts 1 and 2), felonies of the first degree, in violation of R.C. 2923.32(A)(1); four counts of Conspiracy to Commit

Aggravated Murder (Counts 3-6), felonies of the first degree, in violation of R.C. 2923.01(A)(1); and eight counts of Conspiracy to Commit Aggravated Arson (Counts 7-14), felonies of the second and third degree, in violation of R.C. 2909.02(A)(1) and (2) and 2923.01(A)(1). The charges arose from Sands' plot to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. Pursuant to the court's November 30, 2006 Judgment Entry, the parties agreed prior to trial to merge counts 1 and 2 into a single count of Engaging in a Pattern of Corrupt Activity (Count 1) and the remaining counts were re-numbered as counts 2-13. Following a trial, the jury found Sands guilty of the sole count of Engaging in a Pattern of Corrupt Activity (Count 1), three counts of Conspiracy to Commit Aggravated Murder (renumbered Counts 2, 3 and 5), and two counts of Conspiracy to Commit Aggravated Arson (renumbered Counts 6 and 7) and not guilty of the remaining offenses. In a December 11, 2006 Judgment Entry of Sentence, the court merged Counts 2, 3, 5, 6, and 7. Sands was ordered to serve consecutive sentences of 10 years on Count 1 and 10 years on the merged counts, for a total term of twenty years in prison.

{¶3} Sands' conviction and sentence were affirmed on direct appeal. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981. Sands has filed numerous appeals which have been found, with one exception, to lack merit. *State v. Sands*, 11th Dist. Lake No. 2012-L-096, 2013-Ohio-2822; *State v. Sands*, 11th Dist. Lake No. 2016-L-124, 2017-Ohio-5857; *State v. Sands*, 11th Dist. Lake No. 2017-L-009, 2017-Ohio-5860; *State v. Sands*, 11th Dist. Lake No. 2017-L-104, 2018-Ohio-2457; *State v. Sands*, 11th Dist. Lake No. 2019-L-050, 2019-Ohio-4736; *State v. Sands*, 11th Dist. Lake Nos.

2019-L-022 and 023, 2019-Ohio-4925; and *State v. Sands*, 11th Dist. Lake No. 2020-L-038, 2020-Ohio-3935; *see State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150 (error found in the imposition of post-release control).

{¶4} On April 29, 2020, Sands filed a Motion for Leave of Court to File a Motion to Dismiss a Void Sentence in which he argued that the court erred by sentencing him to prison terms for both Counts One and Two since the parties had agreed these counts would merge for the purposes of sentencing. On June 5, 2020, the trial court issued a Judgment Entry denying Sands' motion.

{¶5} Sands timely appeals and raises the following assignment of error:

{¶6} "The Trial court Abused its Discretion and Committed Plain Error Per Crim.R. 52(B) to the Prejudice of the defendant when the court Revived a Merger Count, The court Consider[ed] Allied Offenses of Similar import, R.C. 2941.25(A) and the court Changed the Identity of the Charge[d] Offense in Count(2) and imposed a Ten Year Prison Term for a[] Charge Not Founded by the Grand Jury a Violation [of] Crim.R. 7(C) and a Violation of the Defendant['s] United States Constitutional Rights Amendment 5, 14." (sic)

{¶7} Sands argues that because Count Two in the indictment was for Engaging in a Pattern of Corrupt Activity, he could not be convicted of the renumbered Count Two, Conspiracy to Commit Aggravated Murder, as he was not properly indicted for such an offense and it was a "new criminal charge." He contends, then, that his conviction and sentence for Conspiracy to Commit Aggravated Murder are void.

{¶8} Sands' argument is barred by the doctrine of res judicata. "[A] convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any

proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996); *State v. McGowan*, 11th Dist. Ashtabula No. 2016-A-0052, 2017-Ohio-7124, ¶ 7 ("[t]he doctrine of res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal"). Here, there is no question that Sands has raised numerous appeals before this court, but has failed to raise the present argument, although he could have done so on direct appeal.

{¶9} Sands argues that the doctrine of res judicata does not apply because the court did not have subject matter jurisdiction to convict or sentence him for Conspiracy to Commit Aggravated Murder because it was a new charge for which he was not indicted.

{¶10} It has been held that certain matters are not subject to application of res judicata, such as instances where the defendant's sentence is void. *Sands*, 2020-Ohio-3935, at ¶ 11. A void sentence exists "only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *State v. Henderson*, __ Ohio St.3d __, 2020-Ohio-4784, __ N.E.3d __, ¶ 27. The court here had subject matter jurisdiction, or power to hear the case, as Sands was indicted on felony counts, subjecting him to the court's jurisdiction. *See McGowan* at ¶ 20 ("[t]he indictment properly invoked the trial court's subject-matter jurisdiction on the indicted crimes"). Sands was indicted for all of the offenses for which he was convicted, invoking the subject matter jurisdiction of the court.

{¶11} Sands presents no legal grounds for finding that renumbering counts in an

4

indictment renders his conviction or sentence void or deprives the court of jurisdiction. Other courts have found that similar matters are barred by the doctrine of res judicata. *State v. Taylor*, 9th Dist. Summit No. 28734, 2018-Ohio-2394, ¶ 12 ("[w]here, as here, there is a claim that the count numbers on the verdict forms and in the sentencing entry do not correspond to the count numbers in the indictment, that alleged error is cognizable on direct appeal"); *State v. Moore*, 8th Dist. Cuyahoga No. 97775, 2012-Ohio-2935, ¶ 12-13 (the argument that the lower court erred by renumbering charges on the jury verdict forms from the counts charged in the indictment was barred by res judicata).

{¶12} It is further evident that, even considering the merits of Sands' claim, the court committed no error and his argument is wholly unsupported by the law. Sands was properly indicted for the relevant offense of Conspiracy to Commit Aggravated Murder; it was simply numbered Count Three in the indictment and renumbered Count Two for presentation to the jury. This was the same offense, under the same statutory section and with the same elements, for which he was convicted and he had been fully apprised of this charge by the indictment. The trial court merely renumbered the counts in the indictment for the ease of consideration by the jury since the original Counts One and Two were merged prior to trial. The law does not support a conclusion that error was committed in such an instance. *Moore* at ¶ 17 ("[T]he renumbering of Count 7 in the jury verdict forms was not error [and was done] [t]o avoid confusion in the minds of the jury * * *. It is clear in the instant case that Moore was convicted for the crimes with which he was charged in the indictment."); *State v. Washington*, 9th Dist. Summit No. 18199, 1997 WL 775666, *7 (Nov. 26, 1997) ("the different numbering of the counts in the indictment and verdict forms" was not error as renumbering was done to avoid confusion); *see also*

*State v. Moyer*, 11th Dist. Ashtabula No. 98-A-0011, 1999 WL 339256, *3-4 (May 7, 1999) (where defendant argued the trial court failed to follow certain local rules when renumbering counts, no prejudice resulted since "[a] review of the record reveals that the renumbered counts correspond to the exact same charges that remained from the fourteen-count indictment").

{¶13} The sole assignment of error is without merit.

{¶14} For the foregoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, denying Sands' motion to dismiss a void sentence, is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.