[Cite as *State v. Sands*, 2021-Ohio-659.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-078** |
| JOSEPH A. SANDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000401.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph A. Sands*, pro se, PID# A664-601, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).


MATT LYNCH, J.

{¶1}   Defendant-appellant, Joseph A. Sands, appeals from the Lake County Court of Common Pleas' denial of his motion for a hearing on revival of a dormant judgment.  For the following reasons, we affirm the judgment of the lower court.

{¶2}   On November 22, 2006, Sands was convicted of Engaging in a Pattern of Corrupt Activity, a felony of the first degree, in violation of R.C. 2923.32(A)(1); three counts of Conspiracy to Commit Aggravated Murder, felonies of the first degree, in

violation of R.C. 2923.01(A)(1); and two counts of Conspiracy to Commit Aggravated Arson, felonies of the second and third degree, in violation of R.C. 2909.02(A)(1) and (2) and 2923.01(A)(1). The convictions related to Sands' plot to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. Sands was sentenced to a prison term of 20 years.

{¶3} Sands' convictions and sentence were affirmed on direct appeal. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981. Sands has filed numerous appeals which have been found, with one exception, to lack merit. *State v. Sands*, 11th Dist. Lake No. 2012-L-096, 2013-Ohio-2822; *State v. Sands*, 11th Dist. Lake No. 2016-L-124, 2017-Ohio-5857; *State v. Sands*, 11th Dist. Lake No. 2017-L-009, 2017-Ohio-5860; *State v. Sands*, 11th Dist. Lake No. 2017-L-104, 2018-Ohio-2457; *State v. Sands*, 11th Dist. Lake Nos. 2019-L-022 and 023, 2019-Ohio-4925; *State v. Sands*, 11th Dist. Lake No. 2020-L-038, 2020-Ohio-3935; and *State v. Sands*, 11th Dist. Lake No. 2020-L-072, 2020-Ohio-5472; *see State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150 (error found in the imposition of post-release control).

{¶4} On March 9, 2017, the Lake County Clerk of Courts sent a letter to the Marion Correctional Institution (MCI) cashier's office requesting that it "apply any funds on account for [Sands] * * * toward [his] court cost obligation." The letter stated that a certified copy of the judgment entry ordering court costs and a bill of costs were enclosed, showing Sands owed $2,732.90. On April 16, 2019, Sands filed a "Motion for a Cease and Decease Order" (sic), in which he requested that the trial court waive his court costs due to indigency and order the clerk of courts to cease requests for payment of costs until a hearing was held on his ability to pay. This motion was denied in a May 8, 2019

2

Judgment Entry. Sands filed a second motion on May 16, 2019, arguing removal of the funds from his account was not permitted without an order of garnishment. This motion was denied in a May 29, 2019 Judgment Entry.

{¶5} Sands appealed from the May 8, 2019 entry, raising issues relating to the May 29 entry. *State v. Sands*, 11th Dist. Lake No. 2019-L-050, 2019-Ohio-4736. This court noted the foregoing procedural deficiency, but, nonetheless, rejected the substance of his argument that funds could not be withheld from his inmate account without a garnishment hearing and held he was afforded due process from the procedures set forth in R.C. 5120.133 and Ohio Adm.Code 5120-5-03. *Id.* at ¶ 13.

{¶6} On May 19, 2020, Sands filed a "Motion for Leave of Court to File Motion for a Hearing Upon the Trial Court Revive a Dormant Judgment of Dec. 11, 2006 Pursuant to Compl.Loc.R. 3.04." (Sic.) In his motion, he argued that the trial court had "revived a dormant judgment" for costs on March 9, 2017, when the letter and the certified judgment of conviction from December 11, 2006, were sent to MCI ordering payment of costs. He argued that the December 11 judgment was a dormant judgment upon which the court could not collect without notifying him and conducting a hearing. The trial court denied the motion on June 5, 2020.

{¶7} Sands timely appeals and raises the following assignments of error:

{¶8} "[1.] The trial court committed prejudic[ial] error when the court revive[d] its dormant judgment entry that is barred by the (10) year statute of limitation R.C. 2325.18(A) in violation of the defendant['s] [U]nited [S]tates constitutional rights due process amendment 14.

{¶9} "[2.] The trial court committed prejudic[ial] error when the trial court failed

3

to notify the defendant and conduct a hearing prior to reviving its Dec. 11[,] 2006 dormant judgment for cost by giving the defendant a[n] opportunity to challenge the court dormant judgment R.C. 2925.17 in violation of the defendant['s] [U]nited [S]tates constitutional rights amendment 14." (Sic.)

{¶10} The State argues that this appeal is barred by the doctrine of res judicata. We agree.

{¶11} "[A] convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996). Moreover, "'[p]rinciples of *res judicata* prevent relief on successive, similar motions raising issues which were or could have been raised originally.'" *State v. Hall*, 11th Dist. Trumbull No. 2010-T-0053, 2011-Ohio-656, ¶ 7, citing *Brick Processors, Inc. v. Culbertson*, 2 Ohio App.3d 478, 442 N.E.2d 1313 (8th Dist.1981), paragraph one on the syllabus; *State v. Kleiner*, 11th Dist. Geauga No. 2012-G-3077, 2012-Ohio-5933, ¶ 14. Pursuant to the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Bene*, 11th Dist. Lake Nos. 2019-L-070, et al., 2020-Ohio-1560, ¶ 12, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶12} Sands takes issue with the clerk of courts' letter dated March 9, 2017, ordering MCI to apply funds from his inmate account to his costs, characterizing said letter

4

as a revival of a dormant judgment and arguing that he did not get a hearing before the court "revived" the judgment ordering that he pay fees. Sands, however, already filed multiple motions in the trial court, on April 16, 2019, and May 16, 2019, raising issues with the letter/order to MCI, which were denied, as well as a subsequent appeal, initiated on June 3, 2019, and addressed in *Sands*, 2019-Ohio-4736. In those motions and appeal, he raised the argument that he was entitled to a hearing, although not the issue of revival specifically. Sands should have previously raised the present issues in those motions and appeal, since they relate to the same subject matter and court order/letter. Nothing prevented Sands from raising the alleged errors previously and he is not permitted to raise a different legal argument each time he discovers one. *See State v. Raulston*, 11th Dist. Portage No. 2019-P-0035, 2019-Ohio-5189, ¶ 9 ("[r]es judicata promotes judicial economy and the finality of judgments on issues that a defendant had a fair opportunity to be heard").

{¶13} Courts have found that arguments challenging whether a judgment was properly revived must be raised in an appeal from that judgment. *State v. Wright*, 2d Dist. Montgomery No. 27016, 2016-Ohio-7248, ¶ 7 (failure to appeal judgment reviving costs resulted in res judicata where the defendant attempted to subsequently challenge it with a new motion); *State v. Norris*, 5th Dist. Stark No. 2018CA00007, 2018-Ohio-3482, ¶ 18 (where the issues raised in the argument of improper revival of a dormant judgment entry were repetitive of prior claims, defendant was "barred by res judicata from raising this claim again"); *State v. Zuranski*, 8th Dist. Cuyahoga No. 85091, 2005-Ohio-3015, ¶ 10 (issues regarding imposition of court costs should have been raised in an appeal from the order reviving the court's judgment). In this case, while the court did not actually issue a

5

judgment entry stating it was reviving its prior entry and Sands is challenging the clerk's letter/order that MCI collect funds on the basis that it essentially constituted a revival of the judgment ordering costs in 2006, he has already had the opportunity to challenge this order.

{¶14} Sands contends that he is not barred from raising these issues due to res judicata because he is filing a direct appeal from a final judgment. This contention is unsupported by law, as the existence of a final order has no bearing on whether res judicata applies. As is evident in this case, Sands has repeatedly filed motion after motion in order to obtain final orders from which he can appeal, and many of his arguments in these appeals have been found to be barred by the doctrine of res judicata. The purposes of res judicata are to promote finality and judicial economy, principles which are particularly pertinent in the present case, where Sands has filed 13 appeals and 10 original actions in this court, all stemming from the same convictions.

{¶15} Sands also argues that the State failed to raise the issue of res judicata below. The State, although not responsive to every filing made by Sands including the motion giving rise to this appeal, has repeatedly objected to his filings in the trial court and on appeal as barred by res judicata, including in its appellate brief here. Under the circumstances of this case, where it is evident the matter is barred by the doctrine of res judicata, and given this court's consistent application of the doctrine of res judicata where the defendant habitually files unmeritorious and repeated motions, although not raised in a response to a defendant's motion, we do not find merit in his position. *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 46-47; *Sands*, 2017-Ohio-5860, ¶ 13-15; *State v. Stoutamire*, 11th Dist. Trumbull No. 2013-T-0107, 2014-Ohio-5769, ¶

6

14-16.

{¶16} The sole assignment of error is without merit.

{¶17} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, denying Sands' motion for a hearing on revival of a dormant judgment, is affirmed. Costs to be taxed against appellant.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.